[No. 20150.   In Bank.— May 31, 1886.]

## THE PEOPLE, APPELLANT, v. WILLIAM HORN, RESPONDENT.

CRIMINAL LAW — ONCE IN JEOPARDY. — If a party is once placed upon trial before a competent court and jury upon a valid indictment, the jeopardy attaches, to which he cannot be again subjected, unless the jury be discharged from rendering a verdict by a legal necessity, or by his consent; or in case a verdict is rendered, if it be set aside at his instance.

ID. — APPEAL BY PEOPLE — INSTRUCTION TO ACQUIT. — If through misdirection of the judge in matter of law a verdict is improperly rendered, it can never afterward on application of the prosecution in any form of proceeding be set aside; and where the court instructs the jury to acquit the defendant, and the jury retires, and returns into court and renders a verdict of not guilty, the order directing the jury to acquit will not be disturbed by the appellate court, notwithstanding the trial court is only authorized to "advise" the jury to acquit.

APPEAL from an order of the Superior Court of Sierra County directing the jury to acquit the defendant.

The facts are stated in the opinion of the court.

*Attorney-General Marshall*, for Appellant.

*Van Clief & Wehe*, for Respondent.

McKINSTRY, J. — The information, charging the defendant with an assault with a deadly weapon, is valid and regular in form.   To the information the defendant pleaded not guilty.

The issue came on regularly to be tried by a jury, and certain witnesses were called and sworn on behalf of the prosecution, and gave testimony.   The court, on motion

of the defendant, instructed the jury to acquit the defendant. Whereupon the jury retired, and returned into court and rendered verdict of "not guilty." The district attorney excepted to the order of the court directing the jury to acquit the defendant.

The people have appealed from the order directing the jury to find for the defendant. (Penal Code, sec. 1238.) Prior to April 9, 1880, section 1238 did not contain the subdivision which purports to authorize such an appeal.

The criminal practice act in force prior to the codes provided for an appeal to the Supreme Court by the party aggrieved, "whether that party be the people or the defendant." (Hittell's Gen. Laws, sec. 481, par. 2068.)

The defendant here has been once in jeopardy, and he has been once acquitted. He cannot be twice put in jeopardy. (Const., art. 1, sec. 13.)

If a party is once placed upon his trial before a competent court and jury upon a valid indictment, the "jeopardy" attaches, to which he cannot be again subjected, unless the jury be discharged from rendering a verdict by a legal necessity, or by his consent; or in case a verdict is rendered, if it be set aside at his instance. (*People* v. *Webb*, 38 Cal. 467.)

The court was only authorized to "advise" the jury to acquit, and the jury were not bound by the advice. (Penal Code, sec. 1118.) Here the bill of exceptions reads that the court "instructed" the jury, but the jury retired and deliberated before rendering the verdict "not guilty." They were permitted to retire for deliberation, and found a verdict. *Non constat* that they did not act on the evidence. The request of the defendant that the court "instruct" should have been denied, but the court was authorized to "advise" an acquittal. It is no reason for setting aside the direction that the defendant *consented* to a verdict in his favor. We cannot here inquire whether the verdict was sustained by the evidence. "If through

misdirection of the judge in matter of law . . . . a verdict is improperly rendered, it can never afterward on application of the prosecution in any form of proceeding be set aside." (Bishop, cited by Sawyer, J., in *People* v. *Webb, supra*.)

"A legislative provision for the rehearing of a criminal cause cannot be interpreted to violate the constitutional rule." (1 Bishop's Crim. Law, 665.)

. Order affirmed.

SHARPSTEIN, J., ROSS, J., MYRICK, J., THORNTON, J., MORRISON, C. J., and McKEE, J., concurred.