[Crim. No. 166.    Department One.—August 19, 1896.]

THE PEOPLE, APPELLANT, v. E. M. ROBERTS, RE-
SPONDENT.

CRIMINAL LAW—FELONY—FAILURE OF EVIDENCE—DIRECTING VERDICT OF
    ACQUITTAL.—Where the prosecution has adduced some evidence, and,
    after an adverse ruling upon further evidence, the prosecution rested,
    the court, if it deems the evidence adduced insufficient to sustain a ver-
    dict of guilty, has the right to advise the jury to render a verdict of
    not guilty, but it is error summarily to direct the jury to acquit the
    defendant.
ID.—EFFECT OF ERRONEOUS ACQUITTAL—JEOPARDY OF DEFENDANT.—Not-
    withstanding the error in the summary directing of a verdict for the
    defendant, the erroneous acquittal has the effect to prevent a retrial of
    the defendant, he having been once in jeopardy for the offense set out
    in the information, and the error cannot, therefore, be ground for re-
    versal of the order directing the verdict of acquittal.

APPEAL from an order of the Superior Court of Kern County directing a verdict of not guilty. B. T. WILL-IAMS, Judge presiding.

The accused was charged with the crime of present-ing a false and fraudulent claim against the county of Kern. Further facts are stated in the opinion of the court.

*W. F. Fitzgerald, Attorney General, W. H. Anderson, Assistant Attorney General,* and *Henry E. Carter, Deputy Attorney General,* for Appellant.

*J. W. Mahon,* and *Laird & Packard,* for Respondent.

GAROUTTE, J. — The defendant was charged with felony. At the trial certain evidence was introduced by the people. Certain other evidence was then offered, but upon objection by the defendant it was not admitted, whereupon the following proceedings took place:

" *Mr. Fay.* If your honor please, under the rulings of the court we have nothing further to offer.

" *Mr. Laird.* We have no testimony to submit to the jury.

" *The Court.* Under the conditions of the case, gentlemen, there is nothing left for the court but to instruct this jury to return a verdict. You will prepare a verdict, Mr. Clerk, of not guilty. Gentlemen, sitting as you are, you may select from your number a foreman. Gentlemen of the jury, nothing remains for you to do but for your foreman to sign this verdict of not guilty; step to the clerk's desk and sign it."

Thereupon a verdict of not guilty was rendered and defendant discharged. Under subdivision 5 of section 1238, the people appeal from the order made by the trial court, directing the jury to find a verdict in favor of defendant.

Section 1118 of the Penal Code provides: "If, at any time after the evidence on either side is closed, the court deems it insufficient to warrant a conviction, it may advise the jury to acquit the defendant. But the jury are not bound by the advice." It will thus be observed that the trial court was not authorized to summarily direct the jury to find a verdict of not guilty. The power and the duty of a trial court, under the circumstances here presented, was to advise the jury what action to take, but the court had no power to command, and hence no power to enforce its commands. After the case was submitted upon the evidence, however weak that evidence, it was still the duty of the jury to pass upon its sufficiency and find a verdict according to its own best judgment, paying all due respect to the advice and opinion of the judge as to its insufficiency. The trial court has the power and it is its duty to set aside

the verdict of a jury under certain circumstances, but it has no power to demand a certain kind of verdict. While the action of the court of which complaint is here made was erroneous, we deem the error of that peculiar character not demanding a reversal of the judgment. And we arrive at this conclusion for the reason that, if the order should be reversed and the cause remanded, the defendant could not be again tried upon the charge here involved, and hence a reversal could avail nothing in the interests of justice. The defendant has been once in jeopardy for the offense set out in this information, and, for that reason, is forever freed from a second trial upon those matters. As to defendant's jeopardy, see *People* v. *Webb*, 38 Cal. 467; also, *People* v. *Horn*, 70 Cal. 17.

It has been attempted upon this appeal to review the soundness of the court's ruling upon the rejection of evidence. We are clear that no such question can be raised. Indeed, we are not prepared to say what particular question may be successfully raised upon an appeal by the people under subdivision 5 of section 1238 of the Penal Code.

For the foregoing reasons the order is affirmed.

VAN FLEET, J., and HARRISON, J., concurred.