[Crim. No. 711.     Department One. — April 29, 1901.]

THE PEOPLE, Appellant, v. SAMUEL B. TERRILL, Respondent.

CRIMINAL LAW — FORGERY — INDICTMENT — DESCRIPTION OF NOTE — IMMATERIAL VARIANCE. — An indictment for the forgery of a note need not set forth a copy thereof, and where the indictment correctly described the note as to its date, amount, time of maturity, maker, payee, and the kind of money in which it was payable, the fact that it did not state the agreed interest, nor a provision therein for attorney's fees, does not show a material variance between the note and the description thereof in the indictment.

ID. — ERRONEOUS ACQUITTAL FOR MATERIAL VARIANCE — JEOPARDY — APPEAL BY PROSECUTION. — Where a verdict of acquittal was ordered by the court for a material variance, which did not exist, section 1021 of the Penal Code has no application; but the defendant has been placed in jeopardy, and the verdict of acquittal prevents a second trial for the same offense upon appeal by the prosecution, notwithstanding error committed in ordering the verdict.

ID. — POWER OF COURT — MISDIRECTION OF JUDGE — CONCLUSIVENESS OF VERDICT. — The court had no power to command the jury to bring in a verdict; and the jury was not bound by his instruction to that effect. If, through misdirection of the judge in matter of law, a verdict is improperly rendered, it can never afterwards, on application of the prosecution in any form of proceeding, be set aside.

APPEAL from an order of the Superior Court of Santa Clara County directing a verdict for the defendant. W. G. Lorigan, Judge.

The facts are stated in the opinion.

Tirey L. Ford, Attorney-General, A. A. Moore, Jr., Deputy Attorney-General, James H. Campbell, District Attorney, and Henry A. Melvin, for Appellant.

The defendant, having asked for an acquittal for a material variance, which was granted, cannot claim jeopardy. (*People v. Meakim*, 61 Hun, 327; 133 N. Y. 214.) A defendant cannot question the propriety of a ruling which he has invoked. (*United States* v. *Jones*, 31 Fed. Rep. 725; *State* v. *Meekins*, 41 La. Ann. 543; *Commonwealth* v. *Gould*, 12 Gray, 173; *United States* v. *Van Vliet*, 23 Fed. Rep. 35; *Brown* v. *State*, 109 Ga.

570; *Cochrane* v. *State,* 6 Md. 400; *People* v. *Higgins,* 59 Cal. 357; *Stewart* v. *State,* 15 Ohio St. 155.)

Jackson Hatch, for Respondent.

The defendant has been placed in jeopardy, and cannot be again tried for the same offense at instance of the prosecution. (*People* v. *Webb,* 38 Cal. 467; *People* v. *Horn,* 70 Cal. 17; *People* v. *Roberts,* 114 Cal. 67; *State* v. *Reynolds,* 4 Hayw. 110; *People* v. *Corning,* 2 N. Y. 9;[1] *People* v. *Comstock,* 8 Wend. 549; *State* v. *Solomons,* 6 Yerg. 360;[2] *People* v. *Bork,* 78 N. Y. 349; *State* v. *Kanouse,* 20 N. J. L. 115; *State* v. *Boyle,* 1 Mo. App. 18; *State* v. *Credle,* 63 N. C. 506; *State* v. *West,* 71 N. C. 263; *Commonwealth* v. *Cummings,* 3 Cush. 212;[3] *State* v. *Shields,* 49 Md. 301.)

COOPER, C.—This is an appeal by the people from an order of the court directing the jury to find a verdict for defendant.

The indictment charged the defendant with the crime of forgery, in uttering and passing a certain false and fictitious note, dated April 28, 1897, purporting to have been made by one R. J. McIntyre to one Eddie Bunney for $260, gold coin, payable one year after date. In proof the prosecution offered in evidence a certain promissory note, of which the following is a copy, to wit:—

"$260.00.       SAN JOSÉ, April 28th, 1897.

"One year after date, without grace, I promise to pay to the order of Eddie Bunney, at San José, Cal., two hundred and sixty dollars, in gold coin of the United States of America, with interest thereon, in like gold coin, at the rate of 9 per cent. per annum from date until paid, for value received; and in case suit or action is instituted to collect this note, or any portion thereof, I promise to pay such additional sum as this court may adjudge reasonable, as attorney's fees in said suit or action.       R. J. McINTYRE."

The defendant objected upon the ground of variance, and that the note offered in evidence was not the one described in the indictment. The objection was sustained, and the judge said: "The defendant's objection of a variance between the

---

[1] 49 Am. Dec. 364.       [3] 50 Am. Dec. 732.

[2] 27 Am. Dec. 469.

note set forth in the indictment and the note offered, the court sustains, and refuses to allow it in evidence. Now, gentlemen, you will return a verdict as I have prepared it here, finding the defendant not guilty, upon the ground of a material variance between the note alleged in the indictment and the note offered in evidence."

The jury retired, and, after returning into court, found the following verdict: —

"We, the jury, find the defendant not guilty, upon the ground of a material variance between the note set forth in the indictment and the note offered and read in the case, and the introduction of which in evidence was, under defendant's objection, refused.                    GEO. W. HANSON, Foreman.

"Dated Aug. 16, 1900."

The court erred in directing the jury to bring in a verdict on the ground of variance between the note offered in evidence and the indictment. The indictment was sufficient without containing a copy of the note alleged to have been the subject of the forgery. (*People* v. *O'Brien*, 96 Cal. 174.)

There was no material variance here between the promissory note offered in evidence and the note described in the indictment. The indictment correctly described the note as to its date, amount, time of maturity, maker, payee, and the kind of money in which it was payable. It did not contain any statement as to the interest agreed to be paid, nor as to the clause concerning attorney's fees, but we are not prepared to say that this was necessary, unless we should hold that a literal copy of the note should have been set forth in the information.

It is said by Underhill on Criminal Evidence (sec. 31), in speaking of a variance: "In determining whether a variance is material, the question to be decided is, Does the indictment so far fully and correctly inform the defendant of the criminal act with which he is charged, that, taking into consideration the proof which is introduced against him, he is not misled in making his defense, or placed in danger of being twice put in jeopardy for the same offense."

It was said in *People* v. *Arras*, 89 Cal. 226: "A material variance between the proof and the information arises when an acquittal of the defendant under the information would be no bar to a further prosecution for the same offense. In this case the check described in the information and the check intro-

duced in evidence have so many earmarks in common as to establish the identity of the two instruments as being one and the same beyond all doubt, and to indicate conclusively that the misdescription could not have misled the defendant to his prejudice, and that a conviction or acquittal of the offense charged in this information would forever bar any further prosecution for the larceny of the check."

The language of that case may well be applied to the promissory note described in this. No one could doubt the identity of the note as being the one described in the indictment. The defendant could not have been misled by the description. But the error of the court in regarding as material a variance which was not so in fact will not render the acquittal less available and conclusive as a bar to a subsequent prosecution. It is provided in section 1021 of the Penal Code: "If the defendant was formerly acquitted on the ground of variance between the indictment or information and the proof, or the indictment or information was dismissed upon an objection to its form or substance, or in order to hold the defendant for a higher offense, without a judgment of acquittal, it is not an acquittal of the same offense."

In *People* v. *Hughes*, 41 Cal. 236, this court, in speaking of a similar provision of the Criminal Practice Act, said: "If the variance be immaterial, it should be disregarded; and if the defendant be in fact acquitted on the ground of an immaterial variance, he cannot be again prosecuted for the same offense. . . . The error of the court or jury in regarding as material a variance between the allegations and proof will not render the acquittal less available as a bar to a subsequent prosecution."

In this case there was no material variance, and section 1021 of the Penal Code does not apply. It is provided in section 1023 of the Penal Code: "When the defendant is convicted or acquitted, or has been once placed in jeopardy upon an indictment or information, the conviction, acquittal, or jeopardy is a bar to another indictment or information for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that indictment or information."

In this case the defendant has been placed upon trial upon a valid indictment. A jury was duly impaneled, and found him not guilty. Our constitution provides "that no person

shall be twice put in jeopardy for the same offense." (Const., art. I, sec. 13.)

Jeopardy attaches when a defendant is placed upon his trial before a competent court and jury upon a valid indictment, unless the jury be discharged from rendering a verdict by legal necessity or by his consent, or in case a verdict is rendered, it be set aside at his instance. It is provided in section 687 of the Penal Code: "No person can be subjected to a second prosecution for a public offense for which he has once been prosecuted and convicted or acquitted."

The maxim of the common law, that "*no man is to be brought into jeopardy of his life more than once for the same offense,*" is embraced in article V of amendments to the constitution of the United States, and in the constitutions of the several states, in the following language: "*Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb.*" It is therefore evident that the defendant has been "once in jeopardy." In such case the court has no authority to order a new trial, at the instance of the prosecution, for errors in the rulings of the court, or in its instructions during the progress of the trial, and such new trial, if granted, would be vain and useless. Conceding that the court improperly directed the jury, the principle is the same.

The court had no power to command the jury to bring in a verdict, and the jury was not bound by the instruction. (Pen. Code, sec. 1118.) The rule is, that if, through misdirection of the judge in matter of law, a verdict is improperly rendered, it can never afterwards, on application of the prosecution in any form of proceeding, be set aside. (1 Bishop on Criminal Law, sec. 665; *People* v. *Webb,* 38 Cal. 467; *People* v. *Horn,* 70 Cal. 17; *People* v. *Roberts,* 114 Cal. 68.)

It results from what has been said that the order must be affirmed.

Smith, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.          Garoutte, J., Van Dyke, J., Harrison, J.

Hearing in Bank denied.