[Crim. No. 1044.   In Bank.—June 25, 1904.]

THE PEOPLE, Appellant, v. BENJAMIN F. STOLL, Respondent.

CRIMINAL LAW — HOMICIDE — OPENING STATEMENT FOR PROSECUTION— VOID INSTRUCTION TO ACQUIT.—Upon the trial of a defendant charged with murder, the opening statement of the district attorney for the prosecution is not evidence for any purpose, nor conclusive as to the presentation of evidence not stated; and an instruction to the jury to find a verdict for the defendant upon such opening statement and the admission of it by defendant's counsel, as showing justifiable homicide, before any evidence is adduced for the prosecution, is not merely erroneous, but void for want of jurisdiction.

ID.—RIGHT OF PROSECUTION TO JURY TRIAL—ADVISORY INSTRUCTIONS.— Under the constitution of this state, the same right is guaranteed to the people as to the defendant to have a jury ultimately pass upon the question of guilt or innocence; and section 1118 of the Penal Code only allows the court to advise the jury to acquit at any time after the evidence on either side is closed, but the jury are not bound by the advice and need not follow it.

CXLIII. Cal.—44

ID.—QUESTION OF ONCE IN JEOPARDY.—The void order having been made at defendant's application, the cause will be remanded to the lower court for trial without passing upon the question of once in jeopardy, which is a personal privilege, and will be passed upon in case it should be presented and arise upon another appeal. [Angellotti, J., and Van Dyke, J., dissenting.]

APPEAL from an order of the Superior Court of the City and County of San Francisco directing the jury to return a verdict for the defendant. Carroll Cook, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, for Appellant.

John A. Hosmer, and Hiram W. Johnson, for Respondent.

LORIGAN, J.—The people appeal from an order of the superior court of San Francisco directing the jury to return a verdict in favor of the defendant.

The defendant was charged with murder, pleaded not guilty, and thereafter, the case coming on for trial, a jury was duly impaneled and sworn to try the cause.

Thereupon the district attorney made an opening statement to the jury of what the people expected to prove, at the conclusion of which the attorney for the defendant moved the court upon such opening statement to instruct the jury to acquit the defendant. After some discussion between counsel and the court, the court instructed the jury as follows: "Gentlemen, on the admitted facts in this case, as stated to you by the district attorney, and admitted by the counsel for the defendant, you have heard the discussion that has taken place here by counsel and the court, and I direct you to find a verdict for the defendant, for the reason, in my opinion, under the facts of the case as admitted, the homicide admitted to have taken place was justifiable."

In conformity with this instruction the jury returned a verdict of acquittal, and the people, having excepted to the order of the court, directing such verdict, take this appeal.

The sole question presented is, whether the court had authority to give such a direction to the jury. We are satisfied

it had not, and that the order to that effect was not only erroneous, but void.

It was erroneous, because under no circumstances is the court authorized in a criminal case to direct a jury to return any particular verdict. It can simply advise them to do so, an advice which they are not bound to follow.

It is declared by section 1118 of the Penal Code that "If, at any time after the evidence on either side is closed, the court deems it insufficient to warrant a conviction, it may advise the jury to acquit the defendant. But the jury are not bound by the advice." The law, as thus declared, is explicit, and the court must follow the statute. It has no power to summarily direct the jury to acquit, and when in the case at bar the court assumed to depart from the statute, and directed the jury to acquit the defendant, instead of advising them of this power, it committed an error. (*People* v. *Horn,* 70 Cal. 18; *People* v. *Daniels,* 105 Cal. 266; *People* v. *Roberts,* 114 Cal. 68; *People* v. *Terrill,* 132 Cal. 497.)

We are not so much concerned, however, with the matter of mere error committed by the court. If that tribunal had jurisdiction to instruct the jury upon the opening statement, its failure to do so in the proper manner would not be sufficient warrant for a reversal. That would be of no advantage to the prosecution, because, the defendant having been put on trial under a valid indictment before a competent court and jury, was once in jeopardy, and, if the case was reversed for error alone, he could, upon a retrial, effectually interpose that plea.

Under such circumstances, as the interests of justice could in no manner be subserved by a reversal, this court would for that reason affirm the judgment. (*People* v. *Daniels,* 105 Cal. 266; *People* v. *Roberts,* 114 Cal. 68.)

But the direction to acquit was not erroneous only, it was entirely beyond the power, or authority, of the court to make it, and was void.

In discussing this feature of the case we do not consider at all the merits of the opening statement; whether it justified the conclusion which the court formed from it or not. That is a matter foreign to the inquiry. The question is a broader one; not whether the court was justified upon a particular opening statement in instructing a jury to find for a defend-

ant, but whether the court, upon such statement, is ever justi-
fied in so instructing them.

Counsel upon both sides seem to have given the subject
careful examination, and we have likewise given it our atten-
tion, and are constrained to agree with the opinion expressed
by the lower court in discussing the matter preliminary to
instructing the jury to acquit, that it is ''rather a novel pro-
ceeding.''

While both at common law, and, in this country, the rules
of criminal procedure, have gone through a varied stage of
transition—the tendency of the present age being toward
statutory and simpler rules—still covering this long period,
during which it might be supposed every possible action of a
court in the conduct of a criminal trial—authorized or un-
authorized—would pass the scrutiny of some appellate court,
no case is called to our attention where the lower court has
ever instructed a jury to acquit upon an opening statement,
and where such action has either been sustained or disapproved
by an appellate tribunal. This may be accounted for by the
fact that verdicts of acquittal, returned under direction of
the court in criminal cases, are usually conclusive, and the
prosecution thereby foreclosed from any further action con-
cerning them, unless a right of appeal is accorded, as in this
state.

But if for this reason the reports are silent on the point,
no such reason should apply to the numerous text-writers on
criminal law, and yet none of these mention, or sanction, such
a practice. They discuss all the varied rules of criminal pro-
cedure, but nowhere suggest, or even intimate, the existence
of any such power in the court as was exercised here. Neither
has our attention been called to the legislation of any state
which has conferred it.

This is all in the nature of a negative showing against the
existence of such a power, and is particularly mentioned as
indicating that a court has no implied power to instruct a
jury to acquit on an opening statement, and that no state has
considered it prudent to expressly authorize it to do so.

If, then, any such power exists in a superior court in this
state, it must be by express statutory enactment, and be found
somewhere in the Penal Code.

But the only law upon the subject is that found in section

1118 of the Penal Code, to which we have heretofore referred, that "If at any time after the evidence on either side is closed, the court deems it insufficient to warrant a conviction, it may advise the jury to acquit the defendant. But the jury are not bound by the advice."

This was the section under which the court acted.

Now, the only ground upon which this action could be sustained under this section would be by holding that the opening statement was "evidence," and hence available to the court upon which to predicate its instruction.

But an opening statement is never evidence of any character, or of anything. It is an *ex parte* statement, the right to make which is available to both the prosecution and the defense. It serves, and always has served, but one purpose in criminal procedure, which is, when made on the part of the people, to give the jury a general outline of the case which the prosecution claims it will prove, and, when made by the defense, a general outline of the facts upon which a verdict of acquittal will be asked. This is the only purpose it serves, and it is entirely discretionary with either side whether it will make such a statement at all, and, when it is made, it is equally a matter of discretion to what extent the facts shall be stated, whether generally, or in detail.

And it never has been held, to our knowledge, that a district attorney must make his statement at the peril of having the court take it as the basis of an instruction to the jury advising an acquittal, if, in its judgment, the statement so warrants. If this were the rule, as it is optional with him whether he will make such a statement or not, it is hardly probable that he would be inclined to invite the danger. However, we are satisfied that in no event can the statement be considered as evidence. It cannot be so considered by the jury. As to them its sole purpose it to present the case generally, so that they may more readily understand it. As to the prosecution, or defense, the statement of either is not binding as an admission of any fact, nor available against either, nor is it a limitation upon the right of either party to introduce evidence of facts not referred to in the opening statement. While it is requisite that when he elects to make an opening statement the facts shall be fairly presented by counsel, and that there shall be no statement of facts which

he cannot, or will not, be permitted to prove, still the statement binds no one by its recitals, and is conclusive on neither side in the matter of the production of evidence. No court would ever instruct the jury that the opening statement of counsel was to be considered by them as part of the evidence in the case.

So, it will be perceived, from the nature of the office which it is intended to perform, that such a statement cannot be deemed evidence, and no judicial designation of it as such, or attempt to make it serve that purpose, can change its nature.

And it was never contemplated by section 1118 that the evidence, at the close of which the court might advise the jury to acquit, would be the opening statement of the district attorney. The evidence which is meant is the evidence upon which cases are usually, and, it may be said, exclusively, tried; that evidence which the jury receive from the testimony of witnesses duly produced before them, whom they can see and hear, and on whose testimony they can rely; the best evidence which the nature of the case will permit; evidence which presents the case fully on its merits, which they can weigh, and from which they may draw, as they have a right to do, reasonable inferences and warranted deductions; evidence received from witnesses whose credibility they can consider, and from all of which they can fairly determine whether they will exercise the discretion which the section vests in them of following the advice of the court, or not, as their best judgment shall determine, and as the law permits. It means that the jury shall have presented to them the best and most satisfactory evidence which the law can furnish, both in its nature and as to the method of its production. No *ex parte* statement of a district attorney can fill this measure. As it is always general in its statement of facts, it lacks the important element of a detailed statement of them which direct and cross-examination effectually brings out, and there is in addition always an absence of those most important factors in all jury trials, the presence of the witnesses, the observation the jury may make of them, the disclosure of their relation to the case, and other matters of equal moment which are valuable aids towards an intelligent verdict.

An oral statement presents none of these matters. While

the law permits the court to advise the jury to acquit, still it must be borne in mind that the court is, in no case, empowered to determine the fact of the guilt or innocence of the defendant, but that this is exclusively the province of the jury; and as it is their judgment which must ultimately prevail, not the opinion of the court, the law contemplates that the jury shall have the best opportunity which the nature of the case can afford to determine that fact, and this is undoubtedly only attained by presenting the case of the prosecution to them on its merits.

This is an important consideration, because, while the court may advise the jury, they are not bound by the advice, and as the law gives them a discretion as to whether they shall follow the advice of the court or not, so it intends they shall be supplied with the best and most satisfactory evidence upon which that discretion can be exercised.

As stated in *People* v. *Daniels,* 105 Cal. 266, in considering this section 1118 of the Penal Code: ''The court was only authorized in any case to 'advise' the jury to acquit. . . . The obvious effect of this provision of the Penal Code is to take from the court the power to determine as a matter of law, at the close of the evidence for the prosecution, that the evidence is insufficient to justify a conviction.''

In this connection it may be observed, too, relative to the opening statement, that it is not at all uncommon while a trial is in progress, either by reason of the congregation of persons interested in the case at the trial, on behalf of the prosecution, and their conferences with the district attorney, or in the examination of some witness, that the existence of important and material evidence is disclosed for the first time, and subsequently produced before the jury so that when the case is closed for the prosecution under all the evidence which it has produced it will be often found that, while the court might be inclined, if it had power, to advise an acquittal in the first instance upon the opening statement, yet the actual presentation of the evidence to the jury, supplying all possible defects, would now make such an instruction unwarranted. As the actual production of evidence is thus calculated to bring out the full facts and disclose the truth, it must have been that kind of evidence upon which the law declared the court might act, rather than upon an oral state-

ment which, while it may not conceal or suppress the truth and justice of the case, has not the same tendency as the testimony of witnesses to disclose them.

Under the constitution of this state the same right is guaranteed to the people as to the defendant to have a jury ultimately pass upon the fact of guilt or innocence. The section of the Penal Code under discussion does not deprive the people of that right; it simply permits the court, after the evidence is before them, to advise an acquittal upon it. This is a grant of extreme power to the court, and we cannot believe that it was the intention of the legislature to permit it to be called into exercise, except after the submission to the jury of all the evidence available to the prosecution, produced in the usual method characteristic of trials, and under the ordinary rules of criminal procedure; by the testimony of witnesses and the presentation of the case upon its merits; and that the action of the court in instructing the jury to acquit upon the opening statement of the prosecution was beyond the power of the court and entirely unauthorized and void.

Counsel for respondent, treating the direction of the court to acquit as at most merely erroneous, devotes his brief almost exclusively to the proposition that the order should be affirmed because the defendant had been once in jeopardy, and a reversal here would effect no substantial purpose. We have discussed this matter of jeopardy to some extent earlier in this opinion. We have referred to a few of the cases on the point, and there are others in the same line. In all these cases, however, there was, in fact, a trial and testimony presented to the jury. Upon the submission of that testimony and the close of the case for the people, the court erroneously instructed the jury to acquit. But this was error committed in the exercise of its jurisdiction. In the case at bar, however, the direction of the court was not only erroneous, it was absolutely void, which, together with the fact that the void order was made at defendant's application, may put a different phase on the claim of jeopardy now insisted on. We do not think there is any pressing necessity for a disposition of that point now. The right to interpose a plea of once in jeopardy is a personal privilege, of which a defendant may, or may not, avail himself. Upon this case being called for

trial again the defendant may not interpose it. He may be satisfied to rely upon a trial on the merits. Be that as it may, it will be sufficient time to dispose of it when he has interposed it in the lower court, and any action which is had upon it there comes before us for review. The proposition which we now wish particularly to declare is, that a court can never advise a jury upon the opening statement of the prosecution to acquit a defendant; that this can only be done at the close of the case of the prosecution, upon evidence actually submitted to the jury, in the usual and recognized method.

As to the order directing the jury to acquit, it is reversed, and the cause remanded to the lower court for trial.

McFarland, J., Henshaw, J., and Shaw, J., concurred.

BEATTY, C. J., concurring.—I concur in the views of Justice Lorigan, except that, in my opinion, this appeal cannot be disposed of either by affirmance or reversal of the order of the superior court without a determination of the question whether the verdict of acquittal rendered in obedience to that order constitutes a bar to any further prosecution of the defendant. For, if he is forever freed from further prosecution upon the charge contained in this information, I think we are scarcely justified in disregarding our own precedents in similar cases (*People* v. *Horn,* 70 Cal. 17; *People* v. *Roberts,* 114 Cal. 67; *People* v. *Terrill,* 132 Cal. 497), in each of which the order directing an acquittal, though conceded to be erroneous, was nevertheless affirmed solely because the acquittal was a bar to any further prosecution. The fact that there could be no further prosecution of the defendants in those cases would, I think, have better sustained orders dismissing appeals upon the ground that the proceeding was vain and nugatory than judgments of affirmance; but since the dismissal of an appeal operates as an affirmance, this criticism applies not to the substance but merely to the form of those judgments, which clearly commit this court to the doctrine that a judgment or an order in a criminal case will not be reversed on appeal by the people when it appears from the record that the prosecution of the defendant is necessarily at an end.

The court having in its opinion expressly avoided a de-

cision of the question whether the verdict and judgment herein are available in support of a plea of former jeopardy, I deem it improper to express an opinion upon the point thus reserved for further consideration, and content myself with the expression of my concurrence in the view that the order appealed from was unwarranted.

ANGELLOTTI, J., dissenting.—I dissent.  Conceding, as I do, that the trial court erred in "directing" the jury to acquit, upon the opening statement of the district attorney, and also conceding that a trial court should never "advise" a jury to acquit until the evidence on one side is closed, I cannot reach the conclusion that the verdict rendered in favor of the defendant in an absolute nullity, and unless this conclusion can be reached, the order should not, under the authorities, be disturbed.

The California cases cited in the prevailing opinion constitute ample authority for the proposition that where a trial court, acting under the provisions of section 1118 of the Penal Code, erroneously "directs" the jury to acquit, and the jury does acquit, the appellate court will not reverse the order upon the appeal of the people, for the reason that, under the provisions of our constitution, the defendant cannot again be put upon trial for the offense.  It was said in *People* v. *Horn,* 70 Cal. 17: "If a party is once placed upon his trial before a competent court and jury upon a valid indictment, the 'jeopardy' attaches, to which he cannot be again subjected, *unless the jury be discharged from rendering a verdict by a legal necessity, or by his consent; or in case a verdict is rendered, if it be set aside at his instance."*  I do not understand it to be disputed that this correctly states the rule.  Our constitution provides that "No person shall be twice put in jeopardy for the same offense."  (Art. I, sec. 13.)  In *People* v. *Horn,* 70 Cal. 17; *People* v. *Roberts,* 114 Cal. 67; and *People* v. *Terrill,* 132 Cal. 497, the trial court erroneously "directed" the jury to acquit, and the order in each case was affirmed upon the ground that jeopardy had attached, and that the defendant was thereby forever freed from a second trial for the particular offense charged.

It may be true that the order "directing" was ineffectual in the sense that the jury could not have been compelled

thereunder to render a verdict of acquittal, and that its only effectual office was to "advise" the jury to acquit. But the jury did render its verdict of acquittal, and that verdict, in favor of defendant, so long as it is not set aside at his instance, by whatsoever errors of the court it may have been induced, and regardless of defendant's consent to or application for its rendition, constitutes an effectual bar to his further prosecution.

"If through misdirection of the judge in matter of law . . . a verdict is improperly rendered, it can never afterwards on application of the prosecution in any form of proceeding be set aside." (*People* v. *Horn,* 70 Cal. 18.)

I cannot see that the fact that the order directing an acquittal was made prior to the introduction of evidence materially differentiates this case from those cited.

VAN DYKE, J., dissenting.—I dissent, and concur generally in the opinion of Mr. Justice Angellotti. It appearing from the record that all the material facts in support of the prosecution having been submitted to the court below, and the judge being of the opinion that such facts did not justify a conviction, it would have been proper to have advised the jury to acquit. Instead, however, of doing this, the jury were instructed to acquit. Conceding this to be error, as it undoubtedly was, it is useless nevertheless to remand the case for another trial, for, under the constitutional provision of twice in jeopardy, as construed in numerous cases in this and other courts, the verdict already rendered by the jury is a bar to another trial. (See *People* v. *Webb,* 38 Cal. 467, 478.)

Rehearing denied.