# STATE *v.* OLIVIERI

## No. 2680

June 17, 1925.                                    236 P. 1100.

1. CRIMINAL LAW—OPENING STATEMENTS BY COUNSEL FOR STATE AND FOR DEFENDANT PERMISSIBLE UNDER CRIMINAL PRACTICE ACT.

   Under criminal practice act of Nevada, both district attorney and defendant or his attorney may outline testimony to be offered, to end that jury may more clearly sift and digest evidence.

2. CRIMINAL LAW—OPENING STATEMENTS NOT EVIDENCE NOR BINDING AS AN ADMISSION.

   Opening statements of counsel are not evidence of any character, and cannot be so considered by jury, and are not binding as an admission of any fact.

3. CRIMINAL LAW—VIOLATION BY PROSECUTING ATTORNEY OF RULE REQUIRING OPENING STATEMENT TO BE FAIRLY MADE NOT OF ITSELF EVIDENCE OF BAD FAITH AND REVERSIBLE ERROR.

   It is duty of counsel, in making an opening statement, to state facts fairly, and refrain from stating facts which he cannot or will not be permitted to prove, but a mere violation of such rule by prosecuting attorney is not of itself evidence that he acted in bad faith and reversible error.

4. CRIMINAL LAW—OPENING STATEMENT OF PROSECUTING ATTORNEY, GOING BEYOND FACTS PROVEN, HELD NOT REVERSIBLE ERROR, WHERE NOT MADE WITH INTENT TO INFLUENCE JURY, AND IN VIEW OF CONVICTION OF LESSER CRIME.

   In prosecution for assault with intent to kill, statement by prosecuting attorney in his opening statement, which was not supported by subsequent proof, *held* not reversible error, where not made with intentional disregard of truth, or intent to influence jury, and in view of verdict for lesser offense than that charged.

5. HOMICIDE—ADMISSION OF TESTIMONY THAT DEFENDANT SEEN POINTING REVOLVER HELD NOT PREJUDICIAL ERROR, IN VIEW OF CONVICTION OF LESSER OFFENSE.

   In prosecution for assault with intent to kill, admission of testimony that, within a few hours before defendant shot prosecuting witness, defendant was seen in saloon handling and pointing a revolver, *held* not prejudicial error, where defendant was found guilty of a lesser offense.

6. CRIMINAL LAW—DEFENDANT CANNOT COMPLAIN OF STATEMENTS OF PROSECUTING ATTORNEY OR TESTIMONY WHICH REACTED IN HIS FAVOR.

   Defendant is in no position to complain of statements of prosecuting attorney or admission of testimony reacting in his favor.

---

See 16 C. J. sec. 2225, p. 889, n. 32; sec. 2226, p. 889, n. 40, 42; p. 890, n. 45, 46; sec. 2227, p. 891, n. 67, 69; 17 C. J. sec. 3638, p. 298, n. 23; p. 300, n. 37; sec. 3662, p. 317, n. 10; sec. 3723, p. 358, n. 46.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Paladino Olivieri was convicted of an assault with a deadly weapon, and appeals. **Affirmed.**

*James T. Boyd* and *Peter Breen,* for Appellant:

Statements of district attorney in opening address were uncalled for, did not throw light on crime charged, were unsupported by evidence, and constitute reversible error. State v. Scott, 37 Nev. 432.

Character cannot be shown by specific acts, but only by reputation in community in which one lives, nor can one's character for peace and quiet be attacked until he offers evidence of his good character. State v. Sella, 41 Nev. 134; Underhill on Crim. Ev. sec. 82.

It is prosecutor's duty to be unprejudiced, impartial, to be bent only on seeing justice done and law vindicated. Mere objection of counsel and admonition by court may not be sufficient to remove prejudice caused by unwarranted remarks of prosecutor. State v. Rodriguez, 31 Nev. 346.

Antecedent and subsequent acts of person accused of crime are admissible only for purpose of throwing light on crime, or motive of defendant in crime for which he is being tried, 30 C. J. 195.

Prosecutor accused defendant of being vicious, intoxicated, having killing propensities. Evidence did not support statement. It was prejudicial error. Williams v. State, 114 P. 1114.

*M. A. Diskin,* Attorney-General; *Thos. E. Powell,* Deputy Attorney-General; *L. D. Summerfield,* District Attorney, and *Harland L. Heward,* Assistant District Attorney, for the State:

Evidence of conduct of defendant shortly before homicide indicating he was in reckless humor and desired trouble is admissible, and prosecutor may also show he was armed at time of such conduct. 30 C. J. 195; Wysong v. State, 146 S. W. 941.

Prosecutor's opening address is statement of what he

expects to prove. If made in good faith it cannot constitute error. Anyway, jury is sworn to try case on evidence adduced.

## OPINION

By the Court, SANDERS, J.:

The information in this case was for "an assault with intent to kill." The defendant was convicted of "an assault with a deadly weapon, with intent to inflict upon the person of another a bodily injury, where no considerable provocation appears." The defendant having been convicted, and a motion for new trial denied, has appealed from the judgment sentencing him to imprisonment in the state prison for the term of not less than one year nor more than two years. Upon the certificate of the trial judge of probable cause for appeal, the execution of the sentence was stayed pending its final determination.

The appellant, herein referred to as the defendant, seeks reversal of the judgment upon the ground of the alleged misconduct of the assistant district attorney in making the opening statement of the facts the state expected to prove, claiming that said attorney was permitted, over the defendant's objection, to state facts which he could not, or would not, be permitted to prove upon the trial. The statement complained of was, in effect, that the defendant, shortly before shooting the prosecuting witness, was intoxicated and in a reckless or vicious humor, desired trouble, and was armed. The proof on the part of the state did not measure up to the statement made by its attorney.

1-3. It is permissible under our Criminal Practice Act (Rev. Laws, secs. 6851–7529), after the reading of the indictment or information by the clerk to the jury and stating the defendant's plea, for both the district attorney and the defendant or his attorney to outline the testimony to be offered, to the end that the jury may more clearly sift and digest the evidence. People v. Weber, 149 Cal. 325, 86 P. 671. Opening statements of

counsel, however, are not evidence of any character or of anything, and cannot be so considered by the jury. As to the prosecution or defense, the statement of either is not binding as an admission of any fact, nor available against either. People v. Stoll, 143 Cal. 689, 77 P. 818. It is the duty of counsel making a statement to state the facts fairly, and to refrain from stating facts which he cannot, or will not, be permitted to prove. People v. Stoll, supra. Yet the mere violation of this rule by a prosecuting attorney is not of itself evidence that he acted in bad faith, and reversible error. People v. Wong Hing, 176 Cal. 699, 169 P. 357; People v. Davis, 26 Cal. App. 647, 147 P. 1184. Usually such an overstatement reacts upon the party making it. People v. Gleason, 127 Cal. 323, 59 P. 592; 8 Cal. Jur. sec. 323.

4. The experienced attorney for the defendant concedes in argument that, where the defendant is accused of an assault with intent to kill, evidence of the conduct of the defendant shortly before the shooting, indicating that the defendant was in a reckless or vicious humor and desired trouble, is admissible upon the question of intent, but contends that where, as in this case, there is no evidence to support the statement, which could only have been made for the purpose of inflaming the minds of the jurors against the defendant, such a statement constitutes reversible error. We find nothing in the record to indicate either an intentional disregard of truth, or an intent on the part of the assistant district attorney to influence the jury by a false statement of the facts he expected to prove. The verdict itself furnishes a sufficient answer to the argument that the jurors were influenced against the defendant by the statement made by the assistant district attorney in opening the cause for the state.

There is nothing in the case of State v. Fronhofer, 38 Nev. 448, 150 P. 846, in conflict with what is said by the California authorities cited concerning opening statements. In fact, in State v. Fronhofer the court said the district attorney may state what he expects to prove without encroaching upon defendant's rights

or taking chances upon committing reversible error. The court said, however, that, as the case must be reversed, upon other grounds, it need not determine whether the statement complained of should be regarded as prejudicial error.

5.   It is contended that the trial court erred in permitting a witness for the state to testify to the effect that, within a couple of hours before the defendant committed the act of firing the shot into the body of the complaining witness, he was seen in the Tip saloon handling and pointing a revolver. We do not understand, in view of the verdict, how the defendant can justly claim that the testimony was prejudicial. The jury found that the defendant was guilty of an assault with a deadly weapon, with intent to inflict upon the person of another a bodily injury, where no considerable provocation appeared.

6.   It is argued that, unless the jury were influenced by the statements of the assistant district attorney, and the testimony pertaining to the defendant's conduct prior to the shooting, there would have been no cause for the jury to find the defendant guilty of a much less crime than that charged in the information. Certainly the defendant is in no position to complain of statements or testimony which reacted in his favor.

The judgment is affirmed.