[Crim. No. 1519. First Appellate District, Division Two.—December 18, 1928.]

THE PEOPLE, Respondent, v. EUGENE MIHALY, Appellant.

John Corgiat, Jr., for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, Deputy Attorney-General, for Respondent.

NOURSE, J.—The defendant was tried before a jury on an information framed in two counts, the first charging a violation of section 146 of the Motor Vehicle Act—the driving of an automobile without the consent of the owner—and the second charging grand theft. The information also charged two prior convictions. The defendant pleaded not guilty to the charges in each count of the information and admitted the two prior convictions. The jury found the defendant not guilty on the first count and guilty as charged in the second count. The defendant has appealed from the judgment following the verdict and from the order of the court denying his motion for a new trial.

On May 1, 1928, a man by the name of Brown rented a private garage No. 7 connected with the Glenwood apartment house in the city of Oakland. On the same day a Hudson automobile was stolen from a place near the Melrose station on Forty-sixth Avenue in Oakland. Theft of this car having been reported to the police department, a police officer, in company with two others, approached the Glenwood apartments following the tracks of an automobile which had been stolen a few days previous and which had been run from this garage without tires and abandoned upon the street. As the three parties approached the garage the defendant and Brown came out and, when ordered to stop by the police officer, both ran, defendant being captured some two months later. An inspection of the garage at the time disclosed the stolen Hudson automobile stripped of its accessories. Near by was found a Jewett car in which were the defendant's coat and letters addressed to him. The witness Pacetti, who was employed in an automobile repair-shop in Oakland, testified that the defendant and Brown had been together at his place of business on numerous occasions; that he had loaned this Jewett car to the defendant and that immediately following the theft of the Hudson car the defendant informed the witness that he was unable to retain the Jewett because "We got knocked over making a hoop," which being interpreted meant that they were interfered with by the police in endeavoring to steal an automobile tire. The same witness also testified that on a number of occasions the defendant had offered him tires for sale.

On this appeal the appellant states that the evidence is insufficient to support the verdict of guilty, but does not point out wherein any material element of the crime was not proved. The statement of facts which we have heretofore given, which was wholly uncontradicted, is fully sufficient for this purpose.

The argument is made that the trial court erred in refusing to strike all the testimony of the witness Pacetti just referred to. The argument is that this testimony was introduced solely for the purpose of prejudicing the jury in that it tended to connect the defendant with the commission of similar crimes. The point is wholly without merit. The testimony was relevant for the purpose of connecting the defendant with the Jewett car found in front of the garage, as well as for the purpose of bringing before the jury the admission of the defendant that he had been stealing a tire when the police appeared.

An attempt is made to attack the verdict upon the claim of fraud upon the hearsay affidavit of the attorney for the appellant as to what occurred in the jury-room. It needs no citation of authority that a verdict may not be impeached in this manner.

Finally it is argued that the district attorney failed to state sufficient facts in his opening statement to show the commission of a crime. No authorities are cited by appellant in support of this contention, and it would seem unnecessary to cite authority to the well-known rule that the opening statements of counsel are not a limitation upon the right of either party to introduce evidence of facts not referred to. (See 8 Cal. Jur., p. 259, sec. 322; *People* v. *Stoll*, 143 Cal. 689, 693 [77 Pac. 818].)

The judgment and order are affirmed.

Sturtevant, J., and Koford, P. J., concurred.