PEOPLE OF PUERTO RICO, Plaintiff and Appellant, *v.* ERIC WILLIAM NOONAN, Defendant and Appellee.

No. 4810. Argued February 4, 1934.—Decided May 24, 1934.

*R. A. Gómez, Fiscal,* for appellant. *Jaime Sifre, Jr.,* and *Rafael Pastor* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Eric William Noonan was charged with a violation of section 328 of the Penal Code in that on a certain date and at a certain place within the judicial district of San Juan he drove his automobile so unskillfully, negligently, carelessly, and recklessly that he allowed it to collide with a truck driven by Antonio Cruz Vargas, thereby producing injuries to the latter which caused his instant death.

At the close of the evidence for the prosecution, the defendant requested the court, before which this case was tried, to peremptorily instruct the jury to return a verdict of acquittal, inasmuch as the evidence of the government was insufficient to support a verdict of guilty. The court granted this request, directed the jury to return a verdict of acquittal, and the jury did so. As a consequence the court dis-

charged the defendant. The prosecuting attorney took the present appeal from the order of the court directing the jury to return a verdict of acquittal.

After the *Fiscal* had filed his brief in support of the appeal, the defendant-appellee filed a motion to dismiss the appeal taken by the prosecuting attorney and we set a day for the hearing of the motion. The hearing was held, but subsequently the *Fiscal* requested leave to file a brief in opposition to the motion to dismiss; we granted it, and he filed said brief. Other briefs have been filed by the parties with respect to the dismissal requested, the last of which was filed on the 4th of February of this year, on which date. the question was finally submitted to us for decision.

The appeal taken by the prosecuting attorney in this case is based on section 348 of the Code of Criminal Procedure, according to which the government may appeal from an order of the court directing the jury to acquit the defendant. Section 257 of the same code is related to this provision and the Spanish text thereof reads as follows:

"Si en cualquier tiempo después de terminada para ambas partes la presentación de pruebas, el tribunal considera éstas insuficientes para justificar la declaración de culpabilidad, ordenará perentoriamente al jurado que absuelva al acusado."

This section, according to the English text which was signed by the Governor in 1902, reads thus: "If, at any time after the evidence on either side is closed, the court deems it insufficient to warrant a conviction, it shall peremptorily instruct the jury to acquit the defendant." As may be seen, there is a discrepancy between the two texts, since the English copy says that the instruction to acquit may be given by the court after the evidence of either party is closed, while the Spanish says that it may be given after the evidence of both parties is closed. The English text should prevail, as was held in the case of *People* v. *Charón,* 7 P.R.R. 416. Therefore, according to the English text, the district court had jurisdiction, under the statute, to instruct the jury to

acquit the defendant at the close of the evidence for the prosecution; hence the said order is not null and void for want of jurisdiction, as the *Fiscal* alleges. The case of *People* v. *Stoll*, 143 Cal. 689, is inapplicable to support this contention of the *Fiscal*, because there the court instructed the jury to acquit before any evidence had been presented at the trial, after the prosecuting attorney had made his opening statement. Nor is the case of *People* v. *Delgado*, 18 P.R.R. 914, in point, because there the evidence of both parties was presented, the court submitted the case to the jury and, when the latter could not reach an agreement, instructed it to acquit; and what we decided was that this order was null and void because, since the evidence was conflicting, it was not a case of insufficient evidence, and the jury should weigh it and the court should not substitute itself for the jury. That case is different from the instant case. In the case at bar the court clearly had jurisdiction to instruct the jury as it did.

The *Fiscal* has requested that the judgment of the lower court be reversed and the case remanded for further proceedings, because the said court erred in granting the motion of the defendant and in instructing the jury to acquit the defendant, since the appellant contends that the evidence presented at the trial was sufficient to warrant a conviction. The appellee in his turn has asked us to dismiss the appeal taken by the prosecuting attorney, because this court lacks jurisdiction to entertain the appeal and because the question raised by the *Fiscal* is academic, since the defendant cannot be tried again for the same crime in case the judgment should be set aside.

The two grounds urged for the dismissal of the appeal are so intimately connected with each other that the lack of jurisdiction to entertain the appeal is based on the proposition that the right of appeal granted by law to the prosecuting attorney in cases like the present one is contrary to the Constitution of the United States and to our Organic Act

because, if, by reason of this appeal, we should set aside the judgment and remand the case to the lower court for further proceedings, the defendant would be deprived of his right not to be tried twice for the same offense, and since he cannot be deprived of that right, a determination of the appeal would become academic.

Section 2 of the present Organic Act, enacted in 1917, provides, among other things, that ''no person for the same offense shall be twice put in jeopardy.''

The defendant in this case was tried before a jury, the latter found him not guilty, and the court acquitted him. If we reverse the judgment in this case, what result would our judgment produce? Could the defendant be tried again for the same offense of which he was previously acquitted? The further proceedings to which the *Fiscal* refers, after such a reversal, could only be another trial, since the jury which returned the verdict was dissolved. Our Organic Act gives the accused the right not to be tried twice for the same offense. The case of *People* v. *Rivera,* 46 P.R.R. 109, in which we reversed the judgment appealed from by the prosecuting attorney and remanded the case for further proceedings, is distinct. In that case there was a verdict of guilty returned by a jury, but on the day fixed by the court to pronounce judgment, the court, on motion of the defendant, ordered an arrest of judgment under section 305 of the Code of Criminal Procedure, and we held that that section did not authorize the court to enter the order it did. There was no necessity for a new trial after our decision. The defendant had been found guilty by the jury and there remained only for the court to pronounce the judgment which it had failed to enter. In that case nothing was argued or decided with respect to whether the defendant was being put twice in jeopardy for the same offense.

In a case decided by the Supreme Court of California in 1868, *People* v. *Webb,* 38 Cal. 467, in the County Court of Sonoma County, where the case was tried, certain evidence

was presented by the prosecuting attorney to which the defendant objected and which the court did not admit. Then the court instructed the jury to acquit the defendant for want of evidence. The jury returned a verdict in that sense and the court discharged the defendant. The attorney for the people appealed, claiming that the court erred in excluding the said evidence and in instructing the jury to acquit. In the appeal to the Supreme Court the defendant maintained that it was immaterial whether, in rejecting this evidence the lower court had correctly or erroneously ruled, as the defendant having been once tried upon a valid indictment before a competent court and jury, and acquitted, was protected from a re-trial on the same indictment, or any other indictment for the same offense. The court upheld the contention of the defendant and did not consider the question raised by the prosecutor because a reversal of the judgment appealed from would have been useless, as the court was not authorized to direct a re-trial. In the case of *People* v. *Roberts,* 114 Cal. 67, certain evidence of the government was admitted but other evidence was excluded by the court, and the prosecuting attorney then stated that he had no further evidence to present. The court instructed the jury to return a verdict of acquittal and the jury did so, and the court then ordered the defendant discharged. The people appealed under a provision permitting an appeal from an order of the court instructing the jury to render a verdict for the defendant. The Supreme Court, in deciding the appeal, said that the lower court was authorized by law to advise the jury to acquit but not to command it to do so, and that, although the action of the lower court was erroneous, it would not reverse the judgment and remand the case, because the defendant could not be again tried upon the same indictment, and hence a reversal could avail nothing in the interests of justice, citing the cases of *Webb, supra,* and of *People* v. *Horn,* 70 Cal. 17. In a subsequent case, decided in 1901, *People* v. *Terrill,* 132 Cal. 497, the pro-

secutor appealed from an order of the lower court directing the jury to find a verdict for the defendant, on the ground of variance between a promissory note presented in evidence by the prosecution and the one described in the indictment. The appellate court held that there was no such variance, but, in spite of that, it affirmed the order appealed from because the defendant had already been tried and could not be again tried, as the rule is that if, through misdirection of the judge in matter of law, a verdict is improperly rendered, it can never afterwards, on application of the prosecution in a form of proceeding, be set aside, citing 1 Bishop on Criminal Law, sec. 665, and the three cases which we have mentioned above.

In the case of *People* v. *Stoll,* decided in 1904, 143 Cal. 689, to which we have already referred on another point and which is cited in this case by the *Fiscal,* no evidence was presented and the court, solely on the opening statement by the district attorney of what he proposed to prove and on what the defendant admitted in like manner, instructed the jury to return a verdict of acquittal, which was done. On the appeal taken by the prosecution, the court, by five of its judges, confirmed its previous decisions in the *Roberts* case and the other cases which we have cited in regard to the point that a reversal because of error could avail nothing in the interests of justice, and held that the direction to acquit was absolutely void because the court had no jurisdiction to make it since no evidence was presented, and that there was no necessity for deciding whether or not the defendant could be tried again because this allegation could be made in the lower court, and if made could be reviewed on appeal; and it reversed the order directing the jury to acquit and remanded the cause to the lower court for trial. Two justices of the court dissented because they were of the opinion that the defendant could not again be tried. Another justice concurred with the majority but stated that the appeal could not be disposed by affirmance or reversal of the order

complained of without a determination of the question whether the verdict returned by the jury constituted a bar to any further prosecution of the defendant. Consequently, the *Stoll* case has no application to the case at bar, because there the decision was based on the proposition that the court had no jurisdiction to direct or rather to advise the jury, which is what the statute provided, to return a verdict of acquittal, whereas in the instruction given by the court to the jury after the close of the evidence of the prosecution is authorized by our statute.

The questions which we have just considered have also been decided by the Supreme Court of the United States in 1904, in a case from the Philippine Islands, *Kepner* v. *United States,* 195 U.S. 100. The facts of that case were as follows: Kepner, who was an attorney, was prosecuted for defrauding (*estafa*) a client of his. The trial was held without a jury before the court of first instance which acquitted him. On appeal to the Supreme Court of the Philippine Islands, the judgment of acquittal was reversed and Kepner was found guilty and sentenced to a prison term. In the appellate court it was urged that the defendant had been put in jeopardy a second time by the appellate proceedings, in violation of the Federal Constitution. The defendant then took his case, by writ of error, to the Supreme Court of the United States, which, by a majority, reversed the judgment of the Supreme Court of the Philippine Islands and acquitted the defendant, saying, among other things, the following:

"We are not here dealing with those statutes which give to the Government a right of review upon the steps merely preliminary to a trial and before the accused is legally put in jeopardy, as where a discharge is had upon motion to quash or a demurrer to the indictment is sustained before jeopardy has attached. Such statutes have been quite generally sustained in jurisdictions which deny the right of second trial where a competent court has convicted or acquitted

the accused. *People* v. *Webb,* 38 California, 467. Mr. Bishop, in his work upon Criminal Law, sums up the scope and authority of such statutes as follows:

" 'A legislative provision for the rehearing of criminal causes cannot be interpreted—or, at least, it cannot have force—to violate the constitutional rule under consideration, whatever be the words in which the provision is expressed. When, therefore, a defendant has been once in jeopardy, the jeopardy cannot be repeated without his consent, whatever statute may exist on the subject. Such a statute will be interpreted with the Constitution, and be held to apply only to cases where it constitutionally may. And if it undertakes to give to the State the right of appeal, to retry the party charged, after acquittal, it is invalid. And so the writ of error, or the like, allowed to the State, can authorize the State to procure the reversal of erroneous proceedings and commence anew, only in those cases in which the first proceeding did not create legal jeopardy.' 1 Bishop Criminal Law (5th ed.), par. 1026.

" *            *            *            *            *            *            *

". . . The court of first instance, having jurisdiction to try the question of the guilt or innocence of the accused, found Kepner not guilty; to try him again upon the merits, even in an appellate court, is to put him a second time in jeopardy for the same offense, if Congress used the terms as construed by this court in passing upon their meaning. We have no doubt that Congress must be held to have intended to have used these words in the well settled sense as declared and settled by the decisions of this court."

In the case of *United States* v. *Ball,* 163 U.S. 663, three persons were indicted for murder, one being acquitted by the jury and the other two convicted, and upon a writ of error sued by the latter two, the judgments against them were reversed because the indictment was insufficient. Thereafter the three defendants were tried and convicted upon a new indictment, and the Supreme Court declared, referring to the defendant who was at first acquitted, that the former verdict was final as to him and could not be reviewed without putting him twice in jeopardy, and thereby violating the Constitution. It is true that in the case of *People* v. *Mallén,* 15 P.R.R. 778, decided by this court in 1909, it was said that the district attorney could appeal from an order of the lower

court instructing the jury to return a verdict of acquittal, but that was said incidentally, because the *ratio decidendi* in that case was that the court did not have before it the evidence from which to determine whether or not the trial judge erred in directing the jury to acquit the defendant. In any event, a new trial could not have been ordered.

As a consequence of what has been set forth, we are bound to reach the conclusion that where, after the evidence of either of the parties is closed, the court directs the jury to return a verdict acquitting the defendant, and the verdict is so returned, such an order may not be reviewed on an appeal taken by the district attorney because, that verdict being final, a reversal of said order cannot serve as a basis for a new trial of the defendant, and therefore no practical purpose would be served by deciding whether or not the lower court was justified in ordering the acquittal of the defendant, for which reason the appeal should be dismissed.