### EL PUEBLO *v.* CHARON.

#### Apelación procedente de la Corte de Distrito de Aguadilla.

No. 10.—Resuelto en Noviembre 3, 1904.

PRUEBAS—TESTIGOS.—En este caso se presentó una certificación de un oficial del ejercito creditiva de que el acusado era soldado y no estaba en uso de licencia en determinada época: *Se resolvió*: que no era admisible como prueba pues esos hechos han debido acreditarse con la declaración del propio oficial prestada como testigo durante el juicio.

ID.—SEDUCCIÓN—EXAMEN FACULTATIVO DE LA MUJER PERJUDICADA—DISCRECIÓN DE LA CORTE.—En una causa por seducción, la mujer perjudicada no está obligada á someterse al exámen de facultativos, al capricho del acusado, y la necesidad de tal exámen es cuestión encomendada á la discreción del Tribunal inferior, cuya resolución no habrá de modificarse á no ser que se demuestre que hubiera abusado de sus facultades.

SENTENCIA—CUANDO DEBE DICTARSE EN LOS CASOS DE FELONY.—En las causas criminales por delito de *felony* los tribunales pueden dictar sentencia en cualquiera época después de transcurridos dos días por lo menos, desde la fecha en que el veredicto se dictara.

ID.—La circunstancia de que un tribunal incurra en prolongada dilación en el pronunciamiento de la sentencia en una causa por delito *felony,* no constituye una violación del artículo 309 del Código de Enjuiciamiento Criminal, que no limita el tiempo de las cortes para dictar sentencia, sino en la forma expresada en el párrafo anterior.

ESTATUTOS—DIFERENCIAS ENTRE EL TEXTO INGLÉS Y EL ESPAÑOL.—En los casos en que hubiere diferencias entre el texto inglés de una Ley y el texto español, el inglés ha de conceptuarse como texto original, por ser el firmado por el Gobernador, debiendo por consiguiente subordinarse á él el texto español.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Rossy, Fiscal.*

La parte apelante no compareció.

El Juez Asociado Sr. MacLeary, emitió la siguiente opinión del Tribunal.

El acusado fué declarado culpable el 27 de Junio de 1904, por la Corte de Distrito de Mayagüez, del delito de seducción, y condenado á un año de Presidio con trabajos forzados, y al pago de las costas.

Parece que la causa fué traspasada seguidamente á la Corte de Distrito de Aguadilla que fué creada por la Ley que tomó efecto el primero de Julio. En 8 de Julio último el acusado interpuso apelación ante esta Corte. No se presentó pliego de excepciones en esta Corte, ni asistió abogado alguno en representación del acusado, en el acto de la vista. El Pueblo de Puerto Rico estuvo representado por el Fiscal, quien presentó su alegato, en el que consignó todos los hechos del caso.

De los autos aparece que durante el juicio el demandado hizo dos excepciones. La primera objeción presentada fué con respecto á la exclusión de prueba de un certificado expedido por el Teniente M. K. Taulbee, declarando que el acusado, si bien era soldado del Regimiento de Puerto Rico, no había obtenido licencia desde el 13 de Febrero de 1902. Este certificado estaba escrito en maquinilla y los números 11 se hallaban borrados los que habían sido sustituidos por 13 con la pluma. Por este motivo, y porque el certificado no fué acompañado de declaración jurada, y además por la razón de que el Teniente Taulbee era residente de la Isla y pudo comparecer ante le Corte como testigo, si hubiera sido necesario. Por tales motivos la Corte de Distrito excluyó dicho certificado de la prueba. La segunda objeción presentada fué que la jóven perjudicada rehusó ó nó permitió ser examinada por el médico nombrado por el acusado á fin de informar con respecto á si la muchacha era ó no virgen. Esta moción

del acusado fué desestimada por creerse innecesario el hecho de si la jóven era ó no virgen.

Verdaderamente si se hubiera hallado que la jóven era virgen el delito de seducción á penas hubiera podido considerarse cometido, pero aún hay otra razón mejor para rehusar la moción de que la jóven fuese examinada por un médico nombrado por el acusado. Ya ella había sido examinada por un buen médico quien había dado su informe, y no hay ley que exija á ninguna mujer, en tales condiciones, que se someta á tales exámenes, meramente al capricho ó á solicitud del acusado.

Ciertamente debe sostenerse que la Corte de Distrito tendría una discreción razonable en el asunto, y no habiéndose mostrado que dicha Corte haya abusado de tal discreción, su acción no debe ser revisada.

Se alega además por el apelante que la sentencia no fué dictada dentro de los dos días después del juicio en la Corte, y que por lo tanto la sección 309 del Código de Enjuiciamiento Criminal, había sido infringida. Esta sección exije que la Corte de Distrito, después de dictado el veredicto contra el acusado, señale día para dictar sentencia, la que en casos de *felony* deberá dictarse, cuando menos, dos días después de dictado el veredicto, si la Corte piensa continuar en sesión durante ese tiempo, pero si así no fuere, se dictará entonces en fecha tan distante como pueda razonablemente fijarse.

De un exámen cuidadoso de esta sección se verá que no se limita el tiempo al Tribunal para dictar sentencia, sino que se le prohibe, excepto en cierto casos, que dicte sentencia antes de que hayan pasado dos días después de dictado el veredicto.

El error en que han incurrido el abogado defensor del acusado y el Fiscal de esta Corte, en cuanto á la interpretación del artículo 309 del Código de Enjuiciamiento Criminal, quizás procede de la mala traducción de dicho artículo del inglés al español. Siendo la copia en inglés la que está firmada por

el Gobernador, es por supuesto el texto original, y la traduc-
ción al español debe ajustarse á la misma. La copia en inglés
es como arriba se ha reproducido, pero la española dice lo
siguiente:

"............, que en casos de *felony* (delito muy grave), será
á más tardar, dos días después del veredicto, si el tribunal se pro-
pone continuar en sesión mientras tanto; si no fuese así, entonces
será en fecha tan distante como pueda razonablemente fijarse".

Traducida correctamente al inglés sería como sigue:

"............, which in cases of felony (very grave crime), shall
be *at latest,* two days after the verdict, if the court intends to remain
in session so long, but if not, then at as remote a time as can reason-
ably be fixed".

Esta última, como es muy fácil ver, es exactamente lo con-
trario de lo que dice el texto original en inglés, y por tanto
los errores de los abogados son excusables.

En esta causa se dictó el veredicto con fecha 22 de Abril,
y la Corte dictó sentencia el 27 de Junio, más de dos meses
después de la primera fecha, pero esta acción del Tribunal
no infringe la sección 309 y por consiguiente el acusado no
tiene motivo para quejarse.

No se justifica la dilación en dictar esta sentencia y sería
conveniente decir que, aunque la fecha que ha de señalarse
para pronunciar y dictar sentencia en causas criminales se
deja, dentro de ciertos límites, á la sana discreción del Tri-
bunal, sin embargo, esta fecha no debería demorarse tanto
tiempo como en el presente caso, sin haber para ello razones
poderosas. Parace que cualquier Tribunal, después de ha-
berse celebrado el juicio y dictado el veredicto por un jurado,
en causas criminales, puede dictar sentencia y condenar al
acusado en una semana ó diez días después, y no deben ocu-
rrir tardanzas injustificadas.

Tomando en consideración todos los incidentes del juicio

y las objeciones presentadas por el acusado, no se encuentra nada que exija la revocación de la sentencia, y la misma debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente, Quiñones, y Asociados, Hernández, Figueras y Wolf.