## EL PUEBLO v. DELGADO.

Apelación procedente de la Corte de Distrito de Ponce.

No. 487.—Resuelto en diciembre 3, 1912.

DERECHO PENAL—INSUFICIENCIA DE LA PRUEBA DEL FISCAL—ELEMENTOS CONSTITUTIVOS DEL DELITO—FACULTADES DE LA CORTE SENTENCIADORA PARA ORDENAR UN VEREDICTO PERENTORIO DE ABSOLUCIÓN.—Cuando la prueba presentada por el Fiscal es insuficiente por no demostrar la existencia de alguno de los elementos constitutivos del delito, entonces tiene la corte sentenciadora la facultad de ordenar al jurado que presente un veredicto perentorio de absolución:

ID.—PRUEBA CONTRADICTORIA—APRECIACIÓN DE LA PRUEBA POR EL JURADO—FACULTADES DE LA CORTE SENTENCIADORA PARA ORDENAR UN VEREDICTO PERENTORIO DE ABSOLUCIÓN.—Cuando el Fiscal presente prueba de todos los elementos esenciales del delito y lo único que existe es que tal prueba ha sido contradicha, entonces no se trata de un caso de evidencia insuficiente, sino de evidencia contradictoria, y como es al jurado y no al juez al que corresponde resolver el conflicto, comete error la corte que en tal caso ordena al jurado que absuelva perentoriamente al acusado.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

Abogado del apelado: *Sr. José Tous Soto.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El Fiscal del Distrito de Ponce formuló acusación contra Eladio Delgado imputándole la comisión de un delito de mutilación, perpetrado como sigue: Que el citado Eladio Delgado en o por el día 26 de abril de 1912, y en el barrio de "La Piedra" del Municipio de Barros, Distrito Judicial de Ponce, ilegal y maliciosamente acometió y agredió con un

machete a Encarnación Oranges, infiriéndole varias heridas en las manos y en el antebrazo derecho, quedando Oranges como consecuencia de las mismas inútil de la mano derecha.

El acusado hizo la alegación de no culpable y solicitó que lo juzgara un jurado. El juicio se celebró el 14 de agosto de 1912, declarando por parte del Fiscal un perito médico, el perjudicado y una testigo, y por parte de la defensa, el acusado, un perito médico y tres testigos.

Con respecto a la inutilidad de la mano derecha de Oranges a consecuencia de una de las heridas que recibiera, ambos peritos estuvieron substancialmente conformes en que existía. Con respecto a la forma en que se realizara el hecho, la prueba es contradictoria, pues mientras la del Fiscal tiende a demostrar que Delgado acometió y agredió a Oranges, sin que éste antes lo provocara ni acometiera, y le causó con su machete las heridas, golpeándole aún después de haber caído Oranges al suelo, la de la defensa tiende a probar que Oranges injurió de palabras y acometió primero a Delgado y que éste no hizo más que defenderse.

El caso fué sometido al jurado por el juez, expresando en sus instrucciones con toda corrección que la prueba había resultado contradictoria en el extremo esencial a que nos hemos referido, e indicando al jurado que podía volver con un veredicto bien en favor del acusado si creía a sus testigos, o en contra del mismo si daba crédito a los del Fiscal.

El jurado volvió a la sala de la corte y manifestó que no había podido llegar a un acuerdo. Entonces el juez manifestó al jurado que había pensado en dar una instrucción de absolución perentoria al terminar la prueba, pero que no quería hacerlo e invitaba al jurado a que reconsiderara la prueba y trajera su veredicto. El jurado se retiró nuevamente a deliberar y volvió manifestando de nuevo que no había podido llegar a un acuerdo. Entonces el juez se expresó así: "Esta corte tiene la facultad por la ley de apreciar la prueba y de determinar si ella es suficiente para justificar un veredicto de culpabilidad, y haciendo uso de esa

facultad la corte ordena al jurado que emita en este caso un veredicto perentorio de absolución. El secretario registrará ese veredicto como dado por el jurado en corte abierta.''

Registrado el veredicto se dictó sentencia absolviendo al acusado, y contra dicha sentencia se interpuso por el Fiscal el presente recurso de apelación que autoriza el número 2 del artículo 348 del Código de Enjuiciamiento Criminal.

Toda la cuestión envuelta en este caso gira sobre la interpretación que deba darse al artículo 257 del Código de Enjuiciamiento Criminal, que, copiado a la letra, dice así: ''Artículo 257. Si en cualquier tiempo después de terminada para ambas parte la presentación de pruebas, el tribunal considera éstas insuficientes para justificar la declaración de culpabilidad, ordenará perentoriamente al jurado que absuelva al acusado.''

La corte sentenciadora opina que dicho artículo le da facultades para ordenar al jurado que absuelva perentoriamente al acusado en todos los casos en que el juez estime a virtud de un análisis de las pruebas, que procede tal absolución.

A nuestro juicio la opinión del juez sentenciador no está bien fundada, y sostenerla equivaldría a cambiar por completo las relaciones que siempre han existido desde la creación del jurado, entre el jurado como juez de los hechos y de la credibilidad de los testigos, y el juez de la corte que preside el juicio como juez de derecho.

El expresado artículo tiene un alcance más limitado. Su aplicación por parte del juez está dentro de su radio de acción como juez de derecho. Pondremos dos ejemplos para fijar nuestro criterio: 1. En un caso de asesinato no se presenta prueba directa de la muerte de la persona que se alega que fué muerta. El juez debe ordenar un veredicto perentorio de absolución. ¿Por qué? Porque la prueba aportada es *insuficiente* ya que la ley (Art. 206 del Código Penal), exige que se pruebe por prueba directa que la persona que se alega que fué muerta había muerto realmente. 2. En un

caso de seducción no se aporta prueba sobre la promesa de matrimonio. El juez debe ordenar la absolución perentoria del acusado. ¿Por qué? Porque la prueba *no es suficiente,* ya que la promesa de matrimonio de acuerdo con la ley (Art. 261 del Código Penal), es un elemento integrante del delito. En ambos casos lo único que hace el juez es aplicar la ley, sin invadir las atribuciones del jurado.

Pero cuando se presenta prueba de todos los elementos esenciales del delito, y lo único que existe es que tal prueba ha sido contradicha, entonces no se trata de un caso de evidencia insuficiente, sino de evidencia contradictoria, y el jurado, y no el juez, es el llamado a resolver el conflicto. Si en tal caso el juez sustituye su juicio al juicio del jurado y ordena a éste que absuelva perentoriamente al acusado, su acción es claramente errónea, y la sentencia que se dicte basada en el veredicto así obtenido es nula y debe revocarse.

Abundante y clara jurisprudencia puede invocarse para sostener los principios establecidos en esta opinión, pero nos limitaremos a citar tres casos, uno de Massachusetts, otro de New York y otro de la Corte Suprema de los Estados Unidos.

Cuando se ha introducido evidencia competente para sostener todas las alegaciones materiales de una acusación, la apreciación de si la evidencia es o nó suficiente, corresponde ordinariamente al jurado en la primera instancia, y la corte obra correctamente cuando en tal caso rehusa ordenar al jurado que absuelva al acusado. (*Comm.* v. *Hollis,* 170 Mass., 433.)

En un caso en el que se ha admitido evidencia apropiada tendente a probar todos los elementos constitutivos del crimen y la fuerza y efecto que deba darse a dicha evidencia depende de la credibilidad de los testigos, la corte no tiene facultad para retirar el caso de la consideración del jurado, aunque opine que la evidencia no es bastante para justificar una condena. (*People* v. *Bennett,* 49 N. Y., 138, 142.)

Cuando se ha presentado evidencia apropiada y legal por

parte del gobierno en el juicio de una causa criminal, evidencia que de ser creída sería suficiente para probar el delito y sostener un veredicto de culpabilidad contra la persona acusada, si se pidiera a la corte que ordenara al jurado que absolviera al acusado, tal petición debe negarse por la corte, y dicha negativa no suscita ninguna cuestión de derecho y esto aun cuando la evidencia por parte del acusado sea mucho más fuerte y más satisfactoria que la del gobierno. La cuestión, bajo tales circunstancias, es para el jurado y no para la corte. (*France* v. *United States*, 164 U. S., 676, 681.)

Por las razones expuestas, el recurso interpuesto debe declararse con lugar y revocarse la sentencia apelada.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.