EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FRANCISCO MÉNDEZ, acusado y apelante.

No. 3803.—*Sometido:* Julio 30, 1929. *Resuelto:* Marzo 31, 1930.

*Arturo Aponte,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Francisco Méndez apela de una sentencia que lo condena a sufrir dos años de prisión por el delito de homicidio voluntario y uno de los motivos que alega para sostener su recurso es que la corte inferior cometió error al no anular el veredicto del jurado.

El apelante acepta que disparó un tiro de revólver contra Baudilio Figueroa y que lo mató, pero sostiene que no es responsable de esa muerte porque la realizó en defensa de su hogar.

El fiscal sólo presentó en el jucio un testigo presencial de la manera en que la muerte fué causada, siendo tal testigo Mariana Colón que vivía maritalmente con Baudilio Figueroa. Esa testigo declaró que ellos vivían con sus hijos en la

Playa de Humacao; que el 5 de enero de 1927 fué ella a la casa de su tío Francisco Méndez que vivía en el barrio Duque de Naguabo; que esa noche ella y una hija de Francisco Méndez, llamada Paula, fueron a una fiesta que se celebraba en otra casa, a donde llegó a media noche Baudilio Figueroa con dos amigos suyos; que a la mañana siguiente todos regresaron a la casa de Francisco Méndez quien obsequió con una botella de ron a Baudilio y a sus dos amigos, habiendo bebido tanto Baudilio que se embriagó; que su tío no bebió; que poco después ella llevó una taza de café a Baudilio pero éste le pegó con un pie en la mano y le tiró la taza y la agarró por el cabello, teniendo que quitársela los amigos de Baudilio, quienes lo echaron fuera de la casa, marchándose después; que su tío cogió una hoja de sable pero ella consiguió quitársela y que entonces las mujeres cerraron todas las puertas y ventanas de la casa y Baudilio quedó afuera; que Baudilio empujaba las puertas tratando de entrar, consiguiendo después abrir la puerta que da al frente y entró en la casa; que cuando penetró en la sala Francisco Méndez dijo que no podía aguantar más y le disparó un tiro de revólver cayendo Baudilio muerto en la sala. En repreguntas dijo esa testigo que cuando Baudilio entró en la casa estaban todos encerrados en la habitación contigua a la sala; que ella sujetaba a su tío dentro del aposento y que Méndez cogió un revólver y disparó un tiro que mató a Baudilio.

Los amigos que acompañaban a Baudilio declararon que él se embriagó con el ron que le dió Francisco Méndez; que Baudilio tiró la taza de café que le llevó su mujer y que agarró a ésta por el cabello dándole una vuelta, pero que se la quitaron para evitar que le pegara y lo echaron fuera de la casa, marchándose entonces ellos dos.

Un testigo del fiscal, Félix Astacio, declaró que es vecino de Francisco Méndez y que al oír esa mañana voces pidiendo caridad fué a la casa del acusado, encontró la puerta cerrada y a Baudilio fuera de ella empujando las puertas y tratando

de entrar por lo que quiso llevárselo de allí, a lo que él no accedió, marchándose el testigo para su casa. Los otros dos testigos fueron un médico y el jefe de la Policía Insular del distrito Sr. Soldevila quien no presenció los hechos pero después de ellos estuvo en la casa y dijo que Baudilio tenía una mancha negra en la cara que se parecía a una mancha como de humo que había en la última tabla del tabique que dividía la sala de la habitación contigua, por la parte interior de la habitación.

Las declaraciones de los testigos del acusado, consistentes en su testimonio, en el de su esposa y en el de una de sus hijas, tendió a demostrar que cuando estaban cerradas las puertas de la casa y Baudilio fuera, éste pronunciaba palabras insultantes en general y que cuando entró forzando una puerta estaban todos encerrados en la habitación, cuya puerta trató de forzar y no consiguiéndolo se trepó por el tabique que tiene siete u ocho pies de altura y no llega al techo y que al asomar la cabeza por encima del tabique fué que Francisco Méndez disparó.

Aunque el jurado no haya creído los testigos de la defensa respecto a la manera en que fué causada la muerte, prueba que presenta un claro caso de exención de responsabilidad por haber matado el apelante en defensa de su hogar, creemos que, independientemente de ella, la prueba del fiscal es de tal naturaleza que lleva a la misma conclusión.

Según el número 2 del artículo 209 del Código Penal puede justificarse el homicidio cuando se comete al defender una morada, propiedad o persona contra alguno que manifiestamente intente o procure, por medio de violencia o sorpresa, cometer cualquier delito grave (*felony*) o que violenta, desordenada y tumultuosamente intente o procure penetrar en la morada de otro con el propósito de agredir a alguna persona que se hallare en ella. Por consiguiente, la persona que mata a otra que violenta, desordenada y tumultuosamente intente o procure penetrar en su morada con el propósito de agredir

a alguna persona que se hallare en ella comete un homicidio justificable y está exenta de pena; y como en este caso Baudilio Figueroa violentó una de las puertas de la casa que habían sido cerradas por su agresión a Mariana Colón, que estaba en ella, y penetró en la casa, el apelante estaba justificado en estimar razonablemente de esa conducta que Baudilio tenía el propósito de agredir nuevamente a Mariana Colón y por eso la muerte que le produjo está justificada ante la ley. Es regla general, expresamente sostenida por el estatuto en algunas jurisdicciones, que una persona está justificada en quitar la vida a otra en defensa de su hogar cuando es real o aparentemente necesario hacerlo así para repeler a otra que intente agredir a una persona que esté en la casa. 30 C. J. 83, párrafo 262.

*Por lo expuesto, el veredicto de culpabilidad debe ser anulado y la sentencia revocada, dictándose otra absolviendo al acusado.*