El Pueblo de Puerto Rico, demandante y apelante, *v.* Desiderio Rivera Oquendo, acusado y apelado.

No. 4797.—*Sometido:*   Diciembre 6, 1933.   *Resuelto:*   Enero 31, 1934.

*R. A. Gómez, Fiscal,* abogado del apelante; *R. Martínez Nadal* y *E. Martínez Rivera,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En acusación presentada contra Desiderio Rivera Oquendo por un delito de homicidio voluntario, se alegó por el fiscal que el referido Desiderio Rivera Oquendo, allá por el día 14 de diciembre de 1930, en el barrio Pellejas, de Adjuntas, que forma parte del Distrito Judicial de Ponce, Puerto Rico, ilegal, voluntaria e intencionalmente, y en ocasión de una súbita pendencia o arrebato de cólera, acometió y agredió con un machete, arma mortífera, al ser humano Miguel Rivera Oquendo, infiriéndole varias heridas que le produjeron la muerte instantáneamente.

Celebrado el juicio ante un jurado en la Corte de Distrito de Ponce, el acusado fué declarado culpable del delito que le fué imputado. El día fijado por la corte para dictar sentencia, el referido acusado solicitó la suspensión de la misma, la anulación del veredicto, su absolución y el sobreseimiento y archivo del caso. El fiscal formuló su oposición a la moción del acusado, que fué resuelta favorablemente por la corte, declarando contrario a la prueba y a derecho el veredicto del jurado, decretando su nulidad, ordenando el sobreseimiento y archivo del caso, la absolución del acusado y la cancelación de la fianza prestada. Apeló El Pueblo de Puerto Rico de esta resolución y en apoyo del recurso interpuesto alega que la corte inferior cometió error al anular el veredicto por considerarlo contrario a la prueba y a derecho, y al ordenar el sobreseimiento y archivo del caso y absolver al acusado, cancelando la fianza.

Elevado el caso a este tribunal, celebróse la vista del mismo sin que el acusado presentase alegato alguno. Esta corte expresó sus dudas acerca de la procedencia de una moción para que no se dictara sentencia, y acerca de si la actuación de la corte inferior al ordenar el archivo y sobreseimiento del proceso impediría futuras actuaciones en el mis-

mo, y señaló una nueva vista ofreciéndose a ambas partes la oportunidad de presentar alegatos.

██ Sostiene el ministerio público que la corte inferior actuó sin autoridad al resolver favorablemente la moción solicitando que no se dictase sentencia. El acusado mantiene un criterio opuesto. Una moción *in arrest of judgment* es una solicitud del acusado para que no se dicte sentencia en virtud de una declaración o veredicto de culpabilidad o de un veredicto contra el acusado sobre una alegación de convicción o absolución anterior. Artículo 305, Código de Enjuiciamiento Criminal, texto inglés; 1185, Código Penal de California. Una moción para que no se dicte sentencia debe basarse únicamente en las razones enumeradas en el artículo 153 del Código de Enjuiciamiento Criminal, es decir, en cualquiera de los defectos mencionados en el referido artículo que aparezca de la faz de la acusación, a menos que la objeción haya sido renunciada por el acusado al no excepcionar oportunamente la acusación. Una moción basada en cualquier otro motivo no especificado en la ley, debe ser declarada sin lugar. El artículo 305 del Código de Enjuiciamiento Criminal, equivalente al 1185 del Código californiano, dice así en su texto inglés:

"A motion in arrest of judgment is an application on the part of the defendant that no judgment be rendered on a plea or verdict of guilty, or on a verdict against the defendant, on a plea of a former conviction or acquittal. It may be founded on any of the defects in the information mentioned in section 153, unless the objection has been waived by a failure to demur, and must be made before or at the time the defendant is called for judgment."

Insertamos este artículo en inglés porque la traducción al castellano no es todo lo correcta que fuera de desear.

El artículo 153, equivalente al 1004 del Código de California, dice así:

"El acusado podrá poner reparos a la acusación, cuando de su contenido resultare cualquiera de las circunstancias siguientes:

"1. No ajustarse en su fondo a los requisitos establecidos en los artículos 71, 72 y 73;

"2. Imputarse en ella más de un delito;

"3. No constituir delito público los hechos denunciados.

"4. Contener cualquiera materia que de ser cierta, constituiría una justificación o excusa legal del delito denunciado, o excepción legal que excluya la acción."

En el presente caso el acusado no basa su solicitud en defectos que surjan de la acusación. En la moción se alega que el veredicto del jurado fué contrario a la prueba presentada en el juicio, y que el acusado demostró su inculpabilidad con absoluta preponderancia de evidencia, a pesar de lo cual el jurado, de un modo caprichoso y arbitrario, y haciendo seguramente especulaciones mentales, fuera de la prueba, declaró culpable al acusado sin tener evidencia que sostuviera tal veredicto. La prueba, a juicio del acusado, demostró claramente que privó de la vida a Miguel Rivera Oquendo en defensa de su persona, de su hogar y de su hermana Aurelia Rivera.

La objeción de que el veredicto es contrario a la prueba o de que la evidencia aportada en juicio no es suficiente para sostenerlo, no puede servir de base a una solicitud para que no se dicte sentencia (*motion in arrest of judgment*). 16 C. J. 122.

En el caso de *People* v. *Cully*, 167 App. Div. 333, la corte se expresó así:

"El demandado se declaró no culpable. Fué juzgado y convicto, y más tarde una moción para suspender la sentencia (*motion in arrest of judgment*) fué concedida. El fiscal alega que el propósito de la apelación es procurar un veredicto que sirva para determinar definitivamente la práctica y procedimientos a seguir por la Corte de Sesiones Especiales (*Special Sessions*) en mociones para que no se dicte sentencia. Alega que la ilustrada corte parece estar bajo la impresión de que es propio dejar sin efecto la sentencia cuando la corte está en duda acerca de si los hechos probados en el juicio son suficientes para sostener el delito imputado en la acusación.

"Antes de la adopción del Código de Procedimiento Criminal se sostuvo en People v. Thompson, 41 N. Y. 1, que una moción para que

no se dicte sentencia puede basarse solamente en algún defecto en el récord, y no en una equivocación de la corte sobre el juicio o del jurado al rendir su veredicto, y que el testimonio no constituye parte del récord. (Véase también People v. Allen, 43 N. Y. 28).

"En Jacobousky v. People, 6 Hun. 524, el Juez Daniels, en una opinión que fué adoptada por la Corte de Apelaciones (64 N. Y. 659) dijo: 'Se insiste en que la sentencia en este caso debió haberse suspendido, porque la prueba no demostró que la casa considerada como escandalosa estaba situada en el décimoséptimo barrio de la ciudad de Nueva York, según se alegó en la acusación. Esta posición es claramente insostenible, porque las mociones *in arrest of judgment* no están apoyadas por simples defectos de evidencia. Estas mociones se basan sobre supuestos defectos en el récord, del cual la evidencia producida en el juicio no forma parte.''

Sigue la corte citando otras decisiones en apoyo de esta misma doctrina y termina diciendo que puesto que la corte inferior tuvo jurisdicción de la materia y puesto que los hechos relacionados en la acusación constituyen un crimen, la corte actuó sin autoridad al dictar la orden suspendiendo la sentencia.

En el caso de *State* v. *Shappy,* 65 Atl. 78, resuelto por la Corte Suprema de Vermont, se decidió que la corte no puede, en una moción de *arrest of judgment,* considerar si la evidencia es suficiente o no para sostener un veredicto.

En el caso de *U. S.* v. *Marrin,* 159 Fed. 768, se resolvió que una moción *in arrest of judgment* no puede prevalecer cuando hay que acudir a la evidencia para apoyar las razones que sirven de base a dicha moción. Sostiene la corte que la evidencia no forma parte del récord para el propósito de resolver una moción de esta naturaleza y que únicamente pueden considerarse el récord y la acusación.

Véanse también los casos de *State* v. *Kelly,* 87 Atl. 128; *State* v. *Young,* 132 N. W. 813; *State* v. *Pellerin,* 118 La. 547, 43 So. 159.

La jurisprudencia de California es abundante en el sentido de que la moción *in arrest of judgment* procede única-

mente cuando aparecen de la faz de la acusación algunos de los defectos señalados por el estatuto.

En el caso de *People* v. *Indian Peter,* 48 Cal. 251, la corte se expresó así:

"Es una cuestión decidida en este estado que los únicos motivos que pueden servir de base a una moción para que no se dicte sentencia son aquéllos enumerados en el estatuto, es decir, aquellos defectos que surgen de la acusación en la cual está basado el veredicto."

*People* v. *Dick,* 37 Cal. 277; *People* v. *Sansome,* 98 Cal. 235; *People* v. *Fair,* 43 Cal. 137; *People* v. *McCarty,* 48 Cal. 557; *People* v. *Johnson,* 71 Cal. 384; *People* v. *McConnell,* 82 Cal. 620; *People* v. *O'Leary,* 77 Cal. 30.

En el caso de *People* v. *Wilbur,* 165 Pac. 729, la misma corte de California dijo:

"Una moción *in arrest of judgment* impugna la suficiencia de la acusación para imputar un delito público. El propósito de tal moción no es otro que el de establecer una excepción. Es prácticamente una excepción interpuesta a una acusación con posterioridad a la convicción. Necesariamente, entonces, la cuestión sometida a nosotros es si los hechos expuestos en la acusación constituyen o no un delito público."

De acuerdo con la jurisprudencia establecida no hay duda alguna de que en este caso no procede la moción presentada por el acusado para que no se dicte sentencia. La corte inferior no tuvo autoridad para dictar la orden apelada, porque la moción del acusado no señala ningún defecto en la acusación que pueda servir de base para sostener dicha moción de acuerdo con la Ley.

En cuanto a si la orden de la corte inferior impide o no futuras actuaciones en el caso, arguye el fiscal que ésta no es una cuestión que debe resolverse en este recurso, debiendo esperarse a que sea planteada oportunamente por el propio acusado. Sostiene además el fiscal que la resolución apelada es completamente nula, y no meramente errónea, y en apoyo de su conclusión cita el caso de *People* v. *Stoll,* 143 Cal. 689. Dispone el Código Penal de California que en

cualquier momento después de practicada la prueba de cualquiera de las partes, la corte, si considera esta prueba insuficiente para autorizar una convicción, puede aconsejar al jurado que absuelva al acusado. Conforme a esta disposición la corte puede aconsejar, pero no ordenar, la absolución. En el caso de *People* v. *Stoll,* supra, la corte, en vez de aconsejar la absolución, ordenó al jurado que trajese un veredicto de no culpable y esto lo hizo a raíz del informe del fiscal presentando el caso al jurado y exponiendo los hechos que se proponía probar. La corte basó su orden en la exposición de estos hechos y la aceptación de los mismos por el acusado. De la opinión emitida por la Corte de California en dicho caso transcribimos lo que sigue:

"Se imputó al acusado un delito de asesinato del cual se declaró no culpable, e iniciada la vista del caso, el jurado prestó juramento y quedó debidamente constituído. El fiscal, en su informe inicial al jurado, expuso lo que se proponía probar, y, una vez terminado su informe, el acusado solicitó que se instruyera al jurado la absolución del acusado. Después de alguna discusión entre el abogado y la corte, ésta sometió la siguiente instrucción: 'Caballeros: Han oído ustedes la discusión que ha tenido lugar aquí entre los abogados y la corte, de acuerdo con los hechos admitidos en este caso, según han sido expuestos por el fiscal y admitidos por el abogado del acusado, y yo les ordeno a ustedes que rindan un veredicto en favor del acusado, por la razón de que, en mi opinión, bajo los hechos del caso en la forma en que han sido admitidos, el homicidio cometido estuvo justificado.' "

Termina la Corte de California su opinión con el siguiente párrafo:

"El abogado del acusado apelado, considerando la orden de la corte inferior para absolver como una orden meramente errónea, dedica su alegato casi exclusivamente a discutir la proposición de que la orden de la corte debería ser confirmada porque el acusado había sido puesto una vez en *jeopardy* y que la revocación no serviría ningún propósito sustancial. Nosotros hemos estudiado esta cuestión de *jeopardy* bastante extensamente en esta misma opinión. Nos hemos referido a algunos casos aplicables y a otros análogos. En todos esos casos, sin embargo, hubo como cuestión de hecho un juicio y

prueba presentada al jurado. Al terminarse la presentación de esa prueba y al cerrarse el caso por el fiscal, la corte erróneamente ordenó al jurado que absolviera. Pero ese error se cometió por la corte en el ejercicio de su jurisdicción. En el caso de autos, sin embargo, la orden de la corte fué no solamente errónea, sino absolutamente nula, lo cual, junto con el hecho de que dicha orden nula fué dictada a petición del acusado, puede establecer una gran diferencia en la alegación de *jeopardy* en que ahora insiste el acusado. No creemos necesario que resolvamos esa cuestión ahora. El derecho para interponer la alegación de *jeopardy* es una cuestión de privilegio personal de la cual el acusado puede o no aprovecharse. Cuando se llame este caso para juicio de nuevo en la corte inferior, el acusado puede que no haga tal alegación. Él puede sentirse satisfecho y descansar sobre los méritos de su propio caso en el fondo; pero sea como fuere, habrá tiempo suficiente para resolver dicha cuestión cuando sea interpuesta por el acusado en la corte inferior y cualquier acción que se tome sobre ella en la corte inferior puede venir ante nosotros en apelación. La proposición sobre la cual nosotros deseamos resolver particularmente ahora, es que una corte no puede nunca aconsejar a un jurado a la terminación de un informe de presentación de un caso por el fiscal que absuelva al acusado; que eso solamente puede hacerse a la terminación del caso por el fiscal después de haber venido toda la evidencia al jurado en la forma y por el uso generalmente reconocidos.

"Con respecto a la orden instruyendo al jurado absolver, se revoca, y el caso debe ser devuelto a la corte inferior para nuevo juicio."

En el curso de su opinión la Corte Suprema de California concluye que la instrucción al jurado ordenando la absolución, si se hubiese sometido después de practicada la prueba de cualquiera de las partes, habría sido meramente errónea; pero sostiene que dicha orden fué nula por haberse dictado sin autoridad antes de practicarse prueba alguna y a raíz del informe del fiscal presentando el caso al jurado.

Arguye el fiscal que no puede haber *jeopardy* si se trata de un acto nulo y mantiene además el criterio de que esta cuestión debe reservarse para ser resuelta cuando sea oportuna y debidamente planteada por el acusado.

En el caso resuelto por la Corte Suprema de California,

los Jueces Angellotti y Van Dyke emitieron dos opiniones disidentes, y el Juez Beatty una opinión concurrente. El Juez Angellotti admite que la corte incurrió en error al ordenar la absolución del acusado a raíz de la presentación del caso por el fiscal, pero dice que no puede llegar a la conclusión de que el veredicto rendido en favor del acusado fuese absolutamente nulo, y entiende que a menos que pueda establecerse esta conclusión, la orden de la corte no debe ser revocada. Añade, entre otras cosas, el referido juez, que el jurado rindió ciertamente un veredicto de no culpable, y que este veredicto en favor del acusado, en tanto en cuanto no haya sido anulado a solicitud del mismo, irrespectivamente de los errores de la corte y del consentimiento o solicitud del acusado para su rendición, constituye un impedimento a una nueva acusación. El Juez Van Dyke opina que habiéndose sometido a la corte inferior todos los hechos esenciales en apoyo de la acusación, y considerado por dicha corte que tales hechos no justificaban una convicción, ésta pudo haberse dirigido al jurado aconsejando la absolución. La corte, sin embargo, cometió el error de ordenar dicha absolución y es inútil, a juicio del Juez Van Dyke, devolver el caso para un nuevo juicio, porque el veredicto rendido impide que el acusado sea nuevamente juzgado por el mismo delito.

La disparidad de criterio entre los jueces disidentes y la mayoría de la corte estriba en que ésta considera que la orden del tribunal *a quo* fué absolutamente nula, mientras que el Juez Van Dyke la juzga simplemente errónea y el Juez Angellotti estima que el veredicto del jurado no constituye una absoluta nulidad.

Es claro, a nuestro juicio, que la corte inferior fué más allá de sus atribuciones al dictar la orden apelada por el fiscal. Es verdad que la corte, una vez resuelta favorablemente la moción *in arrest of judgment,* debe poner en libertad al acusado en caso de que se halle detenido, o cancelar su fianza si no aparece evidencia suficiente para imputarle la perpetración de algún delito; pero esto puede hacerse cuando la

moción del acusado se basa en defectos de la acusación y la corte, después de resolverla, se convence de la inutilidad de un nuevo proceso por no aparecer evidencia suficiente para imputar la perpetración de un delito. Es decir, la moción del acusado no puede basarse en insuficiencia de prueba ni la corte puede resolverla teniendo en cuenta dicha insuficiencia; pero si el acusado señala defectos en la acusación que determinen una resolución en su favor, la corte puede entonces recurrir a la evidencia con el fin de penetrarse de si hay o no prueba bastante para incoar un nuevo proceso. La corte, al resolver una moción de esta naturaleza, no tiene autoridad para apreciar la prueba, por ser ésta una función reservada exclusivamente al jurado. La acusación es el puente por donde necesariamente tiene que pasar la corte para, después de suspender los efectos de la sentencia, decretar la libertad del acusado si no surge de los autos prueba suficiente para imputarle la perpetración de un delito. En el presente caso la corte no pudo llegar a examinar la evidencia, porque la moción del acusado no se basa en ningún defecto de la acusación, que, dicho sea de paso, reúne todos los requisitos que la ley exige para imputar un delito de homicidio voluntario. La orden de la corte se dictó, además, a solicitud del acusado, quien pidió que se suspendiese la sentencia, que se anulase el veredicto, y se sobreseyese y archivase la causa contra él incoada. La corte anuló el veredicto por ser contrario a la evidencia, y decretó la absolución del acusado, sin autoridad alguna para entrar en la apreciación de la prueba al resolver una moción *in arrest of judgment*.

El acusado pudo haber solicitado que la corte ordenara al jurado su absolución perentoria una vez practicada la prueba, o la concesión de un nuevo juicio después de rendido el veredicto. No lo hizo así y prefirió presentar esta moción, en la cual alega que la prueba aportada en juicio demostró claramente que privó de la vida a Miguel Rivera Oquendo en defensa de su persona, de su hogar y de su hermana Aurelia Rivera. Estas cuestiones no deben ser resueltas en una

moción de esta naturaleza, sobre todo cuando el acusado no carece de recurso para plantearlas con toda amplitud.

En el caso de *El Pueblo* v. *Méndez,* 40 D.P.R. 757, citado por la corte inferior en apoyo de su resolución, se interpuso apelación contra la sentencia por ella dictada, y este Tribunal revocó dicha sentencia por entender que el acusado actuó en defensa del hogar, y que el homicidio por el mismo cometido estaba justificado.  El hecho de que en dicho caso el apelante atribuyera a la corte inferior el error de no haber anulado el veredicto y que esta corte anulara el veredicto y revocara la sentencia, no cambia el carácter del recurso interpuesto que fué uno de apelación de sentencia y no de una moción *in arrest of judgment,* como ocurre en el presente caso.  En la opinión emitida en dicho caso no se dice que la corte inferior tuviese autoridad para anular un veredicto por insuficiencia de prueba mediante una orden *in arrest of judgment* dictada a solicitud del acusado.

■ Alega el acusado que si, como arguye el fiscal, el sobreseimiento provisional o suspensión de la sentencia en una causa criminal puede solicitarse únicamente fundado en que la acusación no reúne los requisitos del artículo 153 del Código de Enjuiciamiento Criminal, entonces la sentencia absolutoria no es apelable por haberse dictado a base de una moción que no se fundaba en ninguno de los defectos mencionados.  Ciertamente, el acusado no señaló ningún defecto en la acusación, pero solicitó la suspensión de la sentencia, la anulación del veredicto y su absolución en una moción que condujo a la corte a cometer el error de dictar una orden suspendiendo la sentencia (*arresting judgment*).  Esta moción se conoce en la nomenclatura legal americana con el nombre de *arrest of judgment.*  La solicitud del acusado tiene este carácter y ha sido presentada en este concepto.  La corte pudo negarla o declararla con lugar.  Optó por lo último y el fiscal promovió este recurso de apelación de acuerdo con el inciso cuarto del artículo 348 del Código de Enjuiciamiento Criminal, según el cual puede apelar de una orden suspen-

**124**

diendo la sentencia (*arresting judgment*). Es innegable que la corte inferior dictó una orden *in arrest of judgment* y que esta orden fué dictada a solicitud del acusado. Opinamos que la referida orden es apelable.

*Debe revocarse la resolución apelada y devolverse el caso a la corte inferior para ulteriores procedimientos no incompatibles con esta opinión.*