El Pueblo de Puerto Rico, demandante y apelante, *v.* Eric William Noonan, acusado y apelado.

No. 4810.—*Sometido:* Febrero 4, 1934. *Resuelto:* Mayo 24, 1934.

*Jaime Sifre, Jr.* y *Rafael Pastor* abogados del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Eric William Noonan fué acusado de haber infringido el artículo 328 del Código Penal porque en determinada fecha y sitio, dentro del distrito judicial de San Juan, manejaba su automóvil con tal impericia, negligencia, descuido e imprudencia que lo dejó chocar con un autocamión (*truck*) guiado por Antonio Cruz Vargas, produciéndole contusiones que le ocasionaron la muerte inmediata.

Cuando el fiscal terminó la presentación de su evidencia en el juicio de este caso el acusado solicitó de la corte que conocía de él que ordenase al jurado perentoriamente que rindiera un veredicto absolutorio toda vez que la prueba del fiscal era insuficiente para sostener un veredicto de culpabilidad. Accedió la corte a esa petición, ordenó al jurado que rindiera un veredicto absolutorio y así lo hizo el jurado. En consecuencia la corte absolvió libremente al acusado. Con tra la resolución de la corte ordenando al jurado que rindiese el veredicto de no ser culpable el acusado interpuso el fiscal este recurso de apelación.

Después de radicado por el fiscal su alegato para sostener su apelación nos presentó el acusado apelado moción para que desestimemos el recurso interpuesto por el fiscal y señalamos día para la vista. Ésta tuvo lugar pero posteriormente el fiscal nos pidió permiso para presentarnos un alegato de oposición a la solicitud de desestimación, se lo concedimos y lo

radicó. Otros alegatos más han presentado las partes respecto a la desestimación interesada, siéndolo el último en 4 de febrero de este año, en cuya fecha quedó la cuestión pendiente definitivamente de nuestra decisión.

 La apelación del fiscal en este caso está fundada en el caso sexto del artículo 348 del Código de Enjuiciamiento Criminal según el cual el ministerio público puede establecer apelación de una orden del tribunal al jurado mandando que éste pronuncie veredicto a favor del acusado. Con ese precepto está relacionado el artículo 257 del mismo código cuyo texto en español dice así:

"Si en cualquier tiempo después de terminada para ambas partes la presentación de pruebas, el tribunal considera éstas insuficientes para justificar la declaración de culpabilidad, ordenará perentoriamente al jurado que absuelva al acusado."

Ese artículo dice en el texto en inglés, que fué el aprobado por el Gobernador en 1902, de esta manera, según nuestra traducción: "Si en cualquier tiempo después de terminada la evidencia de cualquiera de las partes, la corte la considera insuficiente para justificar un veredicto de culpabilidad, ordenará perentoriamente al jurado que absuelva al acusado." Como puede verse, hay una discrepancia entre ambos textos, pues en el inglés se dice que la orden de absolución puede darla la corte a la terminación de la evidencia de cualquiera de las partes mientras que en el español se expresa que se podrá dar terminada por ambas partes la presentación de las pruebas. El texto inglés debe prevalecer, según se declaró en el *Pueblo* v. *Charón,* 7 D.P.R. 428. Por consiguiente, de acuerdo con el texto en inglés la corte de distrito tuvo jurisdicción concedida por la ley para ordenar al jurado la absolución del acusado al terminar el fiscal la presentación de su evidencia, por lo que tal orden no es nula por falta de jurisdicción, como alega el fiscal. El caso de *People* v. *Stoll,* 143 Cal. 689, no es aplicable a esta contención del fiscal porque en él la corte dió al jurado la orden de absolución sin que se hubiese presentado prueba alguna en

el juicio, cuando el fiscal expresó lo que se proponía probar. Tampoco lo es el de *El Pueblo* v. *Delgado,* 18 D.P.R. 951, porque en éste fué presentada la prueba de ambas partes, la corte sometió el caso al jurado para su veredicto y cuando no pudo ponerse de acuerdo le dió la orden de absolución, y lo que resolvimos fué que esa orden era nula porque existiendo prueba contradictoria no había insuficiencia de prueba y debía apreciarla el jurado y no substituirse la corte en lugar de aquél. Ese caso es distinto al presente. En el que ahora resolvemos la corte tenía claramente jurisdicción para la orden que dió al jurado.

El fiscal ha solicitado de nosotros que revoquemos la resolución de la corte inferior y enviemos el caso a la misma para ulteriores procedimientos porque dicha corte erró al declarar con lugar la moción del acusado y al ordenar al jurado que rindiera un veredicto absolutorio en favor del acusado, por entender el apelante que la prueba presentada en el juicio era suficiente para dictar un veredicto de culpabilidad. Por su parte el apelado nos pide que desestimemos la apelación del fiscal porque este tribunal carece de jurisdicción para conocer de este recurso y porque la cuestión planteada por el fiscal es académica toda vez que el acusado no puede ser sometido a nuevo juicio por el mismo delito en el caso de que se revocara la sentencia.

Los dos motivos alegados para que desestimemos esta apelación están tan íntimamente relacionados que la falta de jurisdicción para resolverla se funda en que la facultad de apelar que concede la ley al fiscal en casos como el presente es contraria a la Constitución de los Estados Unidos y a nuestra Carta Orgánica porque si por virtud de esa apelación revocáramos la sentencia y dispusiéramos que el caso fuera devuelto a la corte inferior para ulteriores procedimientos se privaría al acusado de su derecho de no ser juzgado dos veces por el mismo delito, por lo que no pudiendo ser privado de ese derecho resulta académica la resolución de esta apelación.

El artículo segundo de nuestra Carta Orgánica vigente, que es de 1917, dispone entre otras cosas que "ninguna persona será puesta dos veces en riesgo de ser castigada por el mismo delito."

El acusado en este caso fué sometido a juicio ante un jurado, éste lo declaró no culpable y la corte lo absolvió libremente. Si revocamos la sentencia en este caso, ¿qué resultado tendría nuestra sentencia? ¿Podría el acusado ser juzgado otra vez por el mismo delito por el cual fué absuelto antes? Los procedimientos ulteriores a nuestra sentencia revocatoria a que se refiere el fiscal no podrían ser otros que la celebración de otro juicio, ya que el jurado que rindió el veredicto fué disuelto. Nuestra Carta Orgánica le da al acusado el derecho a no ser juzgado dos veces por el mismo delito. El caso de *El Pueblo* v. *Rivera,* 46 D.P.R. 113, en el cual revocamos la sentencia apelada por el fiscal y devolvimos el caso para ulteriores procedimientos, es distinto del presente. En ese caso hubo veredicto de culpabilidad rendido por un jurado pero el día fijado por la corte para dictar sentencia, el tribunal, a instancia del acusado, decretó el sobreseimiento y archivo del caso (*arrest of judgment*) fundado en el artículo 305 del Código de Enjuiciamiento Criminal y declaramos que ese artículo no autorizaba a la corte para la resolución que tomó. No había que celebrarse un nuevo juicio después de dictada nuestra sentencia. La culpabilidad estaba declarada por el jurado y sólo tenía la corte que dictar la sentencia que dejó de pronunciar. En ese caso no se alegó ni se resolvió nada especto a si el acusado estaba expuesto a ser juzgado dos veces por el mismo delito.

En un caso que resolvió el Tribunal Supremo de California en el año 1868, el de *People* v. *Webb,* 38 Cal. 467, en la corte del condado de Sonoma, donde fué el caso juzgado, fué presentada por el fiscal cierta evidencia a la que se opuso el acusado y que la corte no admitió. Entonces la corte instruyó al jurado que absolviera al acusado por falta de evidencia. El jurado rindió ese veredicto y la corte absolvió al

acusado. Apeló el fiscal alegando que la corte erró al no admitir dicha evidencia y al ordenar al jurado que rindiese un veredicto absolutorio. En la apelación en el tribunal Supremo alegó el acusado que era innecesario resolver si la evidencia fué rechazada correctamente o no porque habiendo él sido juzgado ante una corte y jurado competente y absuelto está protegido contra otro juicio por la misma acusación o por otra acusación por la misma ofensa. La corte sostuvo la alegación del acusado y no consideró la cuestión suscitada por el fiscal porque una revocación del fallo apelado sería inútil por no tener autoridad para ordenar otro juicio. En el caso de *People* v. *Roberts,* 114 Cal. 67, fué admitida cierta prueba de El Pueblo pero otra fué rechazada por la corte y el fiscal manifestó entonces que ninguna otra tenía que ofrecer. La corte ordenó al jurado que rindiese un veredicto de inculpabilidad del acusado y así lo hizo el jurado dictándose después sentencia absolutoria. El fiscal apeló de acuerdo con un precepto que se lo permite contra orden de la corte que ordene al jurado un veredicto a favor del acusado. Al resolver la corte esa apelación dijo que el tribunal inferior estaba autorizado por la ley para aconsejar al jurado un veredicto absolutorio pero no para ordenárselo y que aunque la acción de la corte fué errónea no revocaría la sentencia y devolvería el caso porque el acusado no podía ser juzgado otra vez por la misma acusación, por lo que la revocación no sería de interés para la justicia, citando los casos de *Webb,* supra, y el de *People* v. *Horn,* 70 Cal. 17. En otro caso posterior resuelto en 1901, *People* v. *Terrill,* 132 Cal. 497, el fiscal apeló de una orden de la corte inferior mandando al jurado que rindiera un veredicto a favor del acusado como consecuencia de una variante entre el pagaré que el fiscal presentó como prueba y el que se alegó en la acusación. La corte de apelación declaró que no existía tal variante pero a pesar de eso confirmó la orden apelada porque el acusado ya había sido juzgado y no podía serlo otra vez por ser regla que cuando debido a una equivocación de la corte en materia de ley se

rinde impropiamente un veredicto no puede después anularse nunca a instancia del fiscal en cualquier forma de procedimiento, citando a Bishop on Criminal Law, sección 665, y los tres casos a que antes nos hemos referido.

En el caso de *People* v. *Stoll,* resuelto en 1904, 143 Cal. 689, a que antes nos hemos referido para otra cuestión y citado en este caso por el fiscal, sin presentación de prueba alguna y sólo por manifestaciones hechas oralmente por el fiscal de lo que se proponía probar y de lo que en igual forma admitió el acusado, la corte ordenó al jurado que rindiera un veredicto absolutorio y así lo hizo. En apelación interpuesta por el fiscal, el tribunal por cinco jueces sostuvo sus decisiones anteriores en el caso de Roberts y los otros que hemos citado respecto a que la revocación por error solamente no es de interés para la justicia, pero estimando que la orden al jurado era una nulidad absoluta por carecer la corte de jurisdicción para darla por no haberse presentado evidencia y que lo referente a si el acusado no podía ser juzgado otra vez no había necesidad de resolverlo porque puede ser interpuesta esa alegación en la corte inferior y si lo es puede ser revisada en apelación, revocó la resolución ordenando al jurado la absolución y devolviendo el caso a la corte inferior para juicio. Dos jueces de ese tribunal disintieron por entender que el acusado no podía ser juzgado nuevamente. Otro juez concurrió con la mayoría pero manifestando que el asunto no podía ser resuelto confirmando o revocando sin decir si el veredicto rendido por el jurado constituye un impedimento para cualquier persecución posterior del acusado. Por consiguiente, el caso de Stoll no es aplicable al presente porque se funda en que la corte carecía de jurisdicción para ordenar, o mejor dicho para aconsejar al jurado, que es lo que allí disponía la ley, que diera veredicto absolutorio, mientras que en el que resolvemos la orden que dió la corte al jurado después de terminar el fiscal su prueba está autorizada por nuestra ley.

Las cuestiones que venimos considerando han sido resuel-

tas también por el más alto tribunal de los Estados Unidos en el año 1904 en un caso procedente de las Islas Filipinas, *Kepner* v. *United States,* 195 U. S. 100. Los hechos en ese caso fueron los siguientes: Kepner, que era un abogado, fué acusado por delito de estafa a un cliente suyo. El juicio fué celebrado sin jurado por la corte de primera instancia, la que lo absolvió. En apelación ante la Corte Suprema de Filipinas fué revocada la sentencia absolutoria y Kepner fué declarado culpable y fué sentenciado a pena de prisión. En la corte de apelación se alegó que el acusado había sido puesto en peligro por segunda vez debido al recurso de apelación, con violación de la Constitución Federal. Llevó entonces el acusado su asunto por auto de error al Tribunal Supremo de los Estados Unidos, el que por mayoría de votos revocó la sentencia de la Corte Suprema de Filipinas y absolvió al acusado, diciendo, entre otras cosas, las siguientes:

"No tenemos ante nuestra consideración aquellos estatutos que conceden al Pueblo el derecho de revisión de los pasos meramente preliminares a un juicio, antes de ponerse al acusado legalmente en peligro, como cuando se le absuelve a virtud de una moción para anular o cuando se declara con lugar una acusación antes de que el peligro (*jeopardy*) haya comenzado. Tales estatutos han sido generalmente sostenidos en jurisdicciones que niegan el derecho a un segundo juicio cuando una corte de jurisdicción competente ha condenado o absuelto al acusado. People v. Webb, 38 California, 467. El Sr. Bishop en su obra sobre Derecho Penal hace un resumen del alcance y autoridad de tales estatutos, como sigue:

'Una disposición legislativa para oír de nuevo las causas criminales no puede interpretarse—o por lo menos no puede tener la fuerza— de violar la regla constitucional que está bajo nuestra consideración, no importa cuáles sean las palabras en que se exprese tal disposición. Por consiguiente, una vez que un acusado ha estado en peligro, tal peligro no puede repetirse sin su consentimiento, no importa el estatuto que exista sobre la materia. Tal estatuto será interpretado en armonía con la Constitución y se resolverá que es aplicable solamente a aquellos casos en que constitucionalmente pueda serlo. Y si su objeto es conceder al Estado el derecho de apelación, el juzgar de nuevo al acusado, una vez que ha sido absuelto, es una nulidad. Así, pues, el recurso de error, o un recurso similar, concedido al Estado, puede

autorizar a éste que trate de obtener la revocación de procedimientos erróneos y a que comience de nuevo, solamente en aquellos casos en que el primer procedimiento no constituyó un peligro legal.' 1 Bishop Criminal Law (5a. ed.), sección 1026.

"\* \* \* \* \* \* \*

". . . La corte de primera instancia, teniendo jurisdicción para juzgar la cuestión relativa a la culpabilidad o inocencia del acusado, declaró a Kepner no culpable; el juzgarlo nuevamente sobre los méritos, aun en una corte de apelación, equivale a ponerlo en peligro por segunda vez por el mismo delito, si el Congreso usó estas palabras tal cual han sido interpretadas por esta corte al determinar su significado, No tenemos dudas de que debe resolverse que fué la intención del Congreso usar estas palabras en el bien reconocido significado establecido y resuelto por las decisiones de esta corte."

En el caso de *United States* v. *Ball,* 163 U. S. 663, en el que tres personas fueron acusadas por asesinato siendo una absuelta por el jurado y condenadas las otras dos, y en el que en apelación por las últimas fué revocada la sentencia por ser insuficiente la acusación, produciéndose otra nueva por el Gran Jurado y después de un juicio fueron condenados los tres acusados, la corte dijo, refiriéndose al que primeramente fué absuelto, que el anterior veredicto en cuanto a él fué final y no podía ser revisado sin ponerlo dos veces en peligro, violando, por tanto, la Constitución. Es cierto que en el caso de *El Pueblo* v. *Mallen,* 15 D.P.R. 798, resuelto por este tribunal en 1909, se dijo que el fiscal podía apelar de una orden de la corte inferior ordenando al jurado que rindiera un veredicto absolutorio, pero eso fué dicho incidentalmente porque el *ratio decidendi* en ese caso fué que la corte no tenía ante sí la prueba para apreciar si el juez sentenciador cometió error al ordenar al jurado que absolviera al acusado. De todos modos no hubiera podido ordenarse que se celebrara otro juicio.

Como consecuencia de todo lo expuesto tenemos que llegar a la conclusión de que cuando después de terminada la evidencia de cualquiera de las partes la corte ordena al jurado que rinda un veredicto absolutorio para el acusado y el ve-

redicto es así rendido, tal orden no puede ser revisada en apelación estáblecida por el fiscal porque siendo final ese veredicto, una revocación de esa orden no puede producir el efecto de celebrarse otro juicio al acusado y por esto no tiene fin práctico resolver si la corte inferior estuvo justificada o no al ordenar la absolución del acusado, por lo que por ese motivo *la apelación debe ser desestimada.*